Hilton Appeal.

Argued November 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*James A. Ashton,* for appellants.

*James Victor Voss,* Assistant County Solicitor, with him *Francis A. Barry,* First Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for Board of Property Assessment, Appeals and Review, appellee.

OPINION BY MONTGOMERY, J., December 12, 1962:

Appellants are the owners of residential property in the City of McKeesport, Allegheny County, Pennsylvania. Their appeal to the County Court of that county from the action of the board of Property Assessment, Appeals and Review, fixing the assessment of their property for tax purposes for the triennial period 1958-1959-1960 having been dismissed, the present appeal followed. They assign as error the refusal of their motions for pretrial discovery, an alleged limitation placed on their right of cross-examination of the tax assessor who made the appraisal of their property, and finally the dismissal of their appeal. We find no merit in any of their assignments of error.

Appellants' case rests entirely on the contention that their property was not assessed uniformly with other comparable properties in the same district. Initially, they contended that the assessment exceeded the fair market value of their property, but later conceded that this was not true.

In preparation of their case, appellants submitted to the board a list of seven other properties alleged to be comparable with their own, and at the pretrial of the case requested the court, under Pa. R. C. P. 4009, to order the board to make available for inspection before trial the records of the board including, but not limited to, cubage, measurements and assessors' notes on the properties included in said list. Upon the refusal of this request, appellants thereupon informed the court that they intended and desired to subpoena the proper assessors for deposition, along with the records heretofore demanded of the board. However, no such subpoenas were ever issued or served on the assessors, nor was any notice in writing served on the board as required by Pa. R. C. P. 4007(c).

Pa. R. C. P. 4009 authorizes the court in which an action is pending, on motion of a party, to "order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner, of *designated tangible things,* including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control; . . .", "Subject to the limitations provided by Rule 4007(a) and Rule 4011". Both of said rules exclude privileged matters. (Emphasis ours.)

Appellants' motion was refused for two reasons, viz.: (a) the documents sought to be inspected being the working papers of the assessor are privileged under section 4(e) of the County Assessment Act of 1939, June 21, P. L. 626, §4, 72 P.S. 5452.4, and (b) the use of such material at the trial of the case would lead to

a multiplicity of issues as to impose an impossible burden on the trial court.

The second reason assigned by the lower court is clearly erroneous under the decision of Mr. Justice BELL, now Chief Justice of our Supreme Court, in *Brooks Building Tax Assessment Case*, 391 Pa. 94, 137 A. 2d 273, and the opinion of Judge WOODSIDE of this Court in *Buerger et ux. v. Allegheny County Board of Property Assessment, Appeals and Review*, 188 Pa. Superior Ct. 561, 149 A. 2d 466, which permit an inquiry into the value of comparable properties in the same district and the ratio of those values to their assessments for tax purposes in order to determine the issue of uniformity. Furthermore, the record in the present case shows that such additional issues were raised and resolved for that purpose.

However, the first reason assigned by the lower court supplies adequate support for its decision. Appellants' motion was broad enough to include every order, letter, interoffice communication, notes of information and calculations, minutes of the board (a quasi-judicial body), in fact, every recorded bit of evidence pertaining to the properties of appellants and the other seven owners whose properties appellants selected to list as comparable with their own. Much of this data would have no evidentiary value in the trial of this case; and furthermore, much of it would not be such "designated tangible things" as is described in Pa. R. C. P. 4009. Regardless of that objection to appellants' motion, the Legislature has drawn the line between those records of taxing authorities which are public and those which are private and confidential. Section 4(e) of the County Assessors Law relied on by the lower court specifically states that surveys, maps and assessments shall be open to public view but that cubical contents records, and sales records shall not be. There is good reason for this distinction. To secure the

cubical contents of the living quarters of a man's home requires an entry. The law does not give even an assessor the right to make such an entry. Consequently, it is reasonable to presume that the owners granted the assessors that permission in those cases. Likewise with sales records, they are private except as disclosed by the recording of deeds and other instruments. The Legislature undoubtedly intended to preserve that privacy from intrusion by strangers.[1] There are equally strong arguments for preserving the notes of the assessor and the minutes, etc., of the board. The making of assessments is a complex matter. Many formulas are tried and factors considered before the final assessment is concluded. The final assessment is the subject of the appeal, not the manner it is arrived at either by the assessor or the board. *Hammermill Paper Company v. Erie,* 372 Pa. 85, 92 A. 2d 422.

The recognition of the confidential nature of such matters is not limited to the law relating to real estate. The Pennsylvania Fiscal Code contains a similar provision. Act of 1929, April 9, P. L. 343, art. VII, §731, as amended, 72 P.S. 731. See also *Marks's Appeal,* 121 Pa. Superior Ct. 181, 183 A. 432.

We conclude, therefore, that the records of the board which are not made subject to public inspection under section 4(e) of the County Assessors Law aforesaid, are of a confidential nature and are protected from discovery under the procedural rules and the law. Our ruling, however, does not extend to the use of such matters at the trial, where they are within the control of the court. *Commonwealth v. Mellon National Bank and Trust Company,* 360 Pa. 103, 61 A. 2d 430. It is

---

[1] Pa. R. C. P. 4011 contains another limitation on the use of discovery which we have not discussed but which would have an application to this case. "No discovery or inspection shall be permitted which (b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party."

noted that all of the data which appellants endeavored to secure under the discovery rules was supplied by the assessor and the board at the trial of this case.

As to the second assignment of error, our examination of the record discloses that appellants' counsel cross-examined the assessors, thoroughly, on all properties included in the list of comparable properties which appellant supplied to the board. The only restriction of their right was in their attempt to interrogate on properties not included in the list. The objections to such questions were properly sustained. The extent of cross-examination is largely under the discretion of the trial judge. *Lester v. Century Indemnity Company,* 356 Pa. 15, 50 A. 2d 678. In this case there was no abuse of that discretion. The purpose of furnishing such a list was to enable the board to assemble the desired information for use by its witnesses or the witnesses of appellants. If appellants were permitted to cross-examine on other properties, on which they were not prepared, it would not be fair to the board or its witnesses, and would lead to a trial without limits in time or subject matter. However, it is noted that the court in this case offered to adjourn in order for the board to assemble the additional data and that the appellants' counsel thereupon waived further cross-examination. There is no error here.

Finally, appellants failed to sustain their burden to establish lack of uniformity. According to their own real estate witness, the actual value of their property was $40,000. Their assessment was $24,010 or sixty per cent of the actual value as he appraised it. Appellants' witness did not appraise the land and the building separately. The assessment, however, placed $2,860 on the land and $21,150 on the building, or a total of $24,010.

The board offered testimony that the actual value of the appellants' property was $24,010, the amount of

the assessment. Its assessor assessed the land at $22 per square foot for the first one hundred feet depth, plus an additional amount for additional depth, or $2,-860. The building assessment of $21,150 when calculated on a cubical content basis showed the sum of forty-five cents as the unit price. The building contained 42,012 cubic feet. All of the land of the comparable properties had been assessed at the same rate, and the assessments of the comparable buildings when calculated on a cubical content basis showed a range of from forty cents to fifty cents per cubic foot, depending on the type of construction, age, and various appurtenances and equipment used in the houses.

The lower court found no lack of uniformity in the results attained by the board or in the manner the various assessments were made, and since the credibility of the witnesses and the weight of their testimony was for its determination, we cannot say that its decision was against the evidence or the weight of the evidence. Its decision is amply supported by the record. Substantial uniformity is the requirement. *Narehood v. Pearson,* 374 Pa. 299, 96 A. 2d 895.

Order affirmed.