**Trzesniowski v. Erie Insurance Exchange**

*Thomas, Shafer, Walker, Dornhaffer & Swick* and *Voorhies, Dilley, Keck, Rowley & Wallace,* for plaintiff.
*Cusick, Madden, Joyce & McKay,* for defendant.

ACKER, J., January 11, 1973.—The matter for determination arises from motion for protective order to a request for inspection of tangible things pursuant to Pennsylvania Rule of Civil Procedure 4009(1). Roughly denominated that which is desired for inspection is the entire file of defendant insurance company gathered in preparation for a suit in trespass in which the present plaintiff recovered a verdict against defendant's insured on February 24, 1971, in the total amount of $79,002, of which defendant insurance company has paid $26,999. Defendant's insured, Roger Wayne Beggs, then assigned on March 29, 1972, all of his claim against the Erie Insurance Exchange under the policy of insurance covering the above-mentioned accident. Wherefore, the present plaintiff comes before this court as an assignee standing in the shoes of the insured and with all of the rights of the insured under the policy. It is claimed in plaintiff's complaint that on January 18, 1971, prior to the trial, counsel for the plaintiff injured party orally offered to settle the case for $25,000, being within the coverage. Further, on January 28, 1971, counsel for plaintiff by a letter of that date to counsel for defendant insurance carrier renewed the offer of $25,000 to settle the matter plus the property damage. Further, by that letter it is asserted by the author that in his opinion

defendant would be acting in bad faith by not settling and thereby could escape from the ". . . very good possibility of a recovery over and above the insurance limits."

Of the 10 paragraphs containing requests for inspection of tangible personal property, all are subject to a motion for protective order: Five because they allegedly relate to matters under the attorney-client relationship and all 10 because they are protected by the anticipation of litigation rule.

There does not appear to be a recorded Pennsylvania case directly in point.

The procedure followed by plaintiff in this case of taking an assignment of a right of the insured against his carrier was specifically approved in Gray v. Nationwide Mutual Insurance Company, 422 Pa. 500, 223 A. 2d 8 (1966). There, as well as the leading case of Cowden v. Aetna Casualty and Surety Company, 389 Pa. 459, 134 A. 2d 223 (1957), the requirement of the insurance company to act in a fiduciary capacity obligating it in utmost faith to perform its responsibilities without allowing its interest to dominate over those of the insured is delineated. The concept of good faith was also used by the Superior Court in Szarmack v. Welch, 220 Pa. Superior Ct. 407, 289 A. 2d 149 (1972), where the insurance companies are required to disclose the amount of coverage to fulfill their obligation of good faith.

## CONFIDENTIAL COMMUNICATIONS CONTENTION

The legislature of Pennsylvania by the Act of May 23, 1887, P. L. 158, sec. 5, cl. (d), 28 PS §321, provides: "Nor shall counsel be competent or permitted to testify to confidential communications made to him by his

client or the client be compelled to disclose the same, unless in either case this privilege be waived upon the trial by the client." First it is to be noted that by the very language of the statute the limitation is not upon what counsel may have told the client but only that which the client told to the counsel. However, if the communication by the client to the attorney is to be disclosed in unveiling a return communication by the attorney, so much as was received by the attorney from the client continues to be privileged: Eisenman v. Hornberger, 44 D. & C. 2d 128 (1967). However, another well recognized rule must be considered under the facts of this case. That is if the attorney represents both parties to the transaction in disputes between the parties inter se the confidential communications statute is inapplicable: Loutzenhiser v. Doddo, 436 Pa. 512, 260 A. 2d 745 (1970). As stated in Tracy v. Tracy, 377 Pa. 420, 105 A. 2d 122 (1954), at 424: "Nor, by overwhelming authority, does the rule apply if the attorney represented both parties to the transaction, in which case no communications in relation to the common business are privileged in favor or against either, but only against a common adversary." This principle was relied upon to deny the use of the confidential communications statute in a case similar upon its facts of LaRocca v. State Farm Mutual Automobile Insurance Company, 47 F.R.D. 278 (1969).

Wherefore, we conclude the confidential communication rule is of no help to defendants.

### WORK PRODUCT OR ANTICIPATION OF LITIGATION

Pennsylvania Rule of Civil Procedure 4011(d) prevents the disclosure of matters secured in anticipation of litigation. The succinct question, of course, is what litigation.

It is the contention of defendant that the litigation referred to must include the possibility of an action founded upon bad faith after the principle litigation and, therefore, all is protected. Plaintiff contends that the only litigation referred to is that giving rise to the present litigation; and, in that the principle suit has long since terminated and in fact was required to be terminated before the present suit could be commenced, there is no further protection under the procedural rules: Grew v. Brunner, 1 D. & C. 2d 754 (1955). Although the work product and material obtained in anticipation of litigation may not be completely identical, they are sufficiently synonymous to be dealt with together in this opinion for it is basically the attorney's work product and advice of counsel which is the subject of this request for inspection. The rational of the attorney work product rule is set forth in Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947), at page 393:

"An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and on the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served."

The work product rule has been held not to terminate with the case: LaRocca v. State Farm Mutual Automobile Insurance Company, at page 282, supra. However that rule is but a qualified privilege and loses the status at least under the Federal Rules of Civil Procedure when good cause is shown for its abandonment: Fed. R. Civ. P. 34. Using the test of good cause, if there be such, the work product rule must fall: LaRocca v. State Farm Mutual Automobile Insurance Company, supra. Further, the work product privilege

does not prevent disclosure of documents which relate to settlement negotiations found in the file of the attorney: Bourget v. Government Employees Insurance Company, infra. Because of the assignment in this case plaintiff stand in the same position as the insured and letters written to the liability insurance carrier by the attorney retained by it can be the subject of production in an action by an assignee of the policy holder's rights to recover excess payment: Shapiro v. Allstate Insurance Company, 44 F.R.D. 429 (1968).

## FAILURE TO SPECIFICALLY DESIGNATE THE TANGIBLE THINGS DESIRED

Pennsylvania Rule of Civil Procedure 4009 authorizes in a proper case the production for inspection, copying and photographing ". . . designating tangible things . . ." This has been held to deny a request that a Board of Assessment make available for inspection before trial the records of the board including but not limited to cubage, measurements and assessor's notes on the properties included in said list: Hilton Appeal, 199 Pa. Superior Ct. 586, 186 A. 2d 635 (1962); Philco Corporation v. Sunstein (No. 2), 27 D. & C. 2d 24 (1962), was a suit in equity claiming title to patents and inventions. The court did not require defendant to produce all documents concerning a review of all proposals of the corporation made to the government or to produce such documents for inspection since such a request was held to be too broad and burdensome. To say, however, that, in the case at bar, plaintiff is denied the opportunity to receive such material as may be favorable, because plaintiff does not specifically designate by description the material which he wishes to examine, is to deny him the opportunity to establish his case. It is similar by analogy to denying a young boy the opportunity to reach in the cookie jar

simply because he cannot describe what cookie he may come up with. But how can plaintiff know what is present in defendant's file of value to him without the opportunity to peruse the file. This dilemma has been resolved by the court having made an in camera inspection and applying the broad discovery connotation of relevance to determine that which should properly be made available to plaintiff: Bourget v. Government Employees Insurance Company, 48 F.R.D. 29 (1969). By this device plaintiff is given so much of the file as falls within the purview of the order, but defendant's file is not rifled by what defendant might regard as the grasping hand of an unscrupulous plaintiff's representative.

Wherefore, it would appear that there is no confidential communication protection. Nor can defendant resist on the ground that the documents were secured or prepared in preparation for trial or as the work product of an attorney. However, in that the request for production would result in a nearly blanket turnover of the insurance company's file, it is subject to the protection of Pa. R. C. P. 4009 which requires that only "designated tangible things" be produced. In order to guarantee the right of plaintiff to secure necessary documents that may be available in the preparation for its case and most likely will be found only in defendant's file and at the same time prevent a general perusal of the defendant's file, which is universally denied, this court will enter an appropriate order directing that the file be produced to the court or a full and complete copy thereof so that an in camera inspection may be made; and those papers, fitting within the prayer of the motion for inspection or their appropriate parts, shall be reproduced and furnished to plaintiff's counsel with the balance of the file being sealed and made a part of the records of the court for future use if required.

## ORDER

And now, this January 11, 1973, the file or a true, correct and complete photo copy thereof of the Erie Indemnity Company concerning a claim by John Trzesniowski against the insured, Roger Wayne Beggs, defendant, under Erie Insurance Exchange policy number 80701032R and tried at September term, 1970, no. 112, in the Court of Common Pleas of Mercer County, Pa., which includes the general categories of reports, letters, statements or documents prayed for in the motion of plaintiff of December 21, 1972, shall within 20 days of the date of this order be furnished sealed to this court from which this court shall make a determination of such portions of the said file as are the proper subject for inspection and reproduction pursuant to Pa. R. C. P. 4009(1), of which a copy shall then be furnished to counsel for plaintiff and the balance of the file shall be sealed and made a part of the records of this court to be opened only upon proper application and subsequent court order.