Westmoreland County Board of Assessment Appeals and Gene McCutcheon as Chairman of the Westmoreland County Board of Assessment Appeals, Charles E. Gadd as a member of the Westmoreland County Board of Assessment Appeals, William E. Knepshield as a member of the Westmoreland County Board of Assessment Appeals, Appellants, v. John Montgomery, Anne Martin, Martin J. Oliveri, Jr., Shirley Turnage, Anne E. Torba and Ann Dalson, Appellees.

Argued May 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*H. Reginald Belden, Jr.,* with him *David E. Lehman* and *McNees, Wallace & Nurick,* for appellants.

*Thomas M. Kerr,* with him *Roland T. Keddie* and *Roger S. Whitehill,* for appellees.

OPINION BY JUDGE MENCER, June 25, 1974:

This appeal is from an order of the Court of Common Pleas of Westmoreland County sustaining the appeal of John Montgomery, Anne Martin, Martin J. Oliveri, Jr., Shirley Turnage, Anna E. Torba, and Ann Dalson from a denial of access to, and the viewing and making or obtaining copies of, certain records in the possession of the Board for the Assessment and Revision of Taxes of Westmoreland County (Board).

The Board is created by statute[1] and has the duty[2] "to make and have supervision of the making of annual assessments of persons, property and occupations now or hereafter made subject to assessment for taxation. . . ."

---

[1] Act of June 26, 1931, P. L. 1379, §1, as amended, 72 P.S. §5342.
[2] Act of June 26, 1931, P. L. 1379, §3, as amended, 72 P.S. §5344.

In performing the above duty, the Board maintains records on cards known as "property record cards." On one side of these cards is a "property record," containing information pertaining to the history and physical characteristics of the land involved. On the reverse side is a "building record," containing extensive information on construction specifications together with dwelling and commercial computations relating to the building on the property involved.

On the day of the hearing before the court below, the parties entered into a stipulation in order to narrow the issue before the Court. The property record was stipulated to be a public record, as this term is defined in the act commonly known as the "right-to-know law."[3] The narrow issue stipulated to the court below and presented to this Court is whether or not the building record side of the Board's property cards is a public record under the right-to-know law. If it is, then the Board must permit the appellees to make copies of these records.[4]

The right-to-know law defines a public record, in Section 1 of the Act, 65 P.S. §66.1(2), as follows: "(2) 'Public Record.' Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property *and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons:* Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those

---

[3] Act of June 21, 1957, P. L. 390, as amended, 65 P.S. §§66.1-66.4.
[4] Act of June 21, 1957, P. L. 390, §3, 65 P.S. §66.3.

reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act." (Emphasis added.)

Our careful examination of that portion of the above definition which we have emphasized, coupled with the Board's statutory duty, convinces us that the lower court was legally correct in deciding that the building record satisfies this definition and is, therefore, a public record under the right-to-know law. The information contained in this record reflects factual determinations by the Board which directly affect the valuation of the building for assessment purposes. As such, this information satisfies the above definition of a public record, in that it clearly represents decisions "by an agency fixing the personal or property rights, . . . duties or obligations of [a] person or group of persons. . . ."

Our review of the cases cited by the parties in their briefs reveals that none of them have dealt with the precise issue now before us. *Hilton Appeal*, 199 Pa. Superior Ct. 586, 186 A. 2d 635 (1962), relied on heavily by the Board, is inapposite for two reasons. First, the plaintiffs in *Hilton* based their right to view the records involved on the discovery rules of the Pennsylvania Rules of Civil Procedure and not on any statutory right given by the right-to-know law. No mention is made of this statute in the Superior Court's opinion.

Secondly, the Court in *Hilton* was faced with a statute which expressly excepted the information sought from the right of public inspection.[5] This statute is not applicable to the present case,[6] and no similar statute is involved.

We also agree with the lower court that the building record is not expressly prohibited from being a public record by the statutory definition section we have quoted above. We simply cannot conclude that the information contained in the building record, if made public, "would operate to the prejudice or impairment of a person's reputation or personal security," as claimed by the Board.

Order affirmed.

---

[5] Act of June 21, 1939, P. L. 626, §4(e), 72 P.S. §5452.4(e).

[6] The Act of June 21, 1939, P. L. 626, 72 P.S. §5452.1 et seq., applies only to second class counties. Westmoreland County is a third class county.