Robert J. Butera, Minority Leader, Pennsylvania House of Representatives, Petitioner *v.* Commonwealth of Pennsylvania, Office of the Budget of Pennsylvania, Respondent.

Argued February 2, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Raymond P. Pepe,* with him *Edward C. Hussie,* for petitioner.

*Burton D. Morris,* Deputy Attorney General, with him *Lawrence J. Beaser,* Special Assistant Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 18, 1977:

In accord with the provisions of what is commonly known as the Right to Know Act[1] (Act), Robert J. Butera (petitioner), a citizen of the Commonwealth of Pennsylvania,[2] filed in this Court a petition for review in the nature of a statutory appeal,[3] claiming the right to copy and inspect certain public records.[4] The agency upon which petitioner made his request was the Office of the Budget, and the request was denied by the Budget Secretary, Charles P. McIntosh.

The documents petitioner seeks to copy and examine are described by Section 601 of The Administra-

---

[1] Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §66.1 et seq.

[2] Petitioner is the present Minority Leader of the House of Representatives but asserts his right to the information sought as a citizen of the Commonwealth, in accord with Section 2 of the Act, 65 P.S. §66.2.

[3] The right of appeal is provided by Section 4 of the Act, 65 P.S. §66.4. *See Shapp v. Butera,* 22 Pa. Commonwealth Ct. 229, 348 A.2d 910 (1975).

[4] Petitioner, by letters under dates of October 13, 1976 and November 1, 1976, requested copies of documents. Sections 2 and 3 of the Act, 65 P.S. §§66.2, .3, allow the citizen only the opportunity to examine and inspect public records and to take extracts or make copies, photographs, or photostats of the same while such records are in the possession, custody, and control of the lawful custodian thereof or his authorized deputy. However, the respondent here does not assert the defense that the petitioner sought copies of reports rather than the right to examine, inspect, and make copies of material alleged to be public records.

tive Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §221:

The Budget Secretary shall, in each year, obtain and prepare information necessary for the preparation of a State budget for the following year beginning the first day of July. He shall, not later than the fifteenth day of August of such year, distribute to the Governor, to the Lieutenant Governor, to each administrative department, to each independent administrative board and commission, to the chief clerk of the Senate, to the chief clerk of the House of Representatives, to the prothonotaries of the various courts of the Commonwealth, and to all institutions or other agencies which desire State appropriations to be made to them, the proper blanks necessary to the preparation of the budget estimates, with a request that such blanks be returned with the information desired, not later than the first day of November of the same year. Such blanks shall be in such form as shall be prescribed by the Budget Secretary, to procure any or all information pertaining to the revenues and expenditures for the preceding fiscal years, and for the current fiscal year, the appropriations made by the previous General Assembly, the expenditures therefrom, encumbrances thereon, the amount unencumbered and unexpended, an itemized estimate of the revenues and expenditures of the current fiscal year, and for the succeeding year, and an estimate of the revenues and amounts needed for the respective departments, boards, and commissions, for expenses of the General Assembly, for the Judicial Department, and for any and all institutions, or other agencies to which appropriations are like-

ly to be made by the General Assembly for the year next succeeding. Such blanks shall also request the person returning them to accompany them with a statement in writing, giving the facts, and an explanation of and reasons for the estimates of receipts and expenditures for the succeeding year contained upon the blanks returned.

These compilations of documents shall hereinafter be referred to as departmental budget reports.

We are immediately confronted with the issue of whether these departmental budget reports come within the definition of "public record" found in Section 1(2) of the Act, 65 P.S. §66.1(2). That definition reads, in pertinent part:

(2) 'Public Record.' Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons. . . .

The petitioner argues that the departmental budget reports are accounts dealing with the use of services, supplies, materials, equipment, and other property. The key word in this contention is the word "account."

We are convinced that when the Legislature used the word "account" in the definition of a public record it intended that word to have the meaning of a record of debit and credit entries to cover transactions during a fiscal period of time and did not intend the word "account" to mean a statement of facts or events. Whether the reports required to be provided to the Budget Secretary are public records appears

to be a question of first impression. However, we view them as providing necessary information to the Budget Secretary which will enable him to prepare a more realistic State budget, rather than being accounts to him by agencies relative to the receipt or disbursement of funds or the use of services, materials, equipment or other property. General listings of revenue and expenditures, as set forth in the reports here, are neither accounts nor vouchers nor contracts. Accordingly, we conclude that the departmental budget reports in question here are not public records as that term is defined in the Act.[5]

In view of our holding here, we need not and do not pass upon whether or not the departmental budget reports are, as asserted by the respondent, shielded from public availability by the concept of executive privilege.

For the reasons set forth herein, we issue the following

ORDER

AND Now, this 18th day of March, 1977, the appeal of Robert J. Butera in the above captioned matter is dismissed.

---

[5] Petitioner also contends that the departmental budget reports are agency decisions which fix duties and obligations of the Budget Secretary and each department submitting the report. We view such a report as neither a minute, order, nor decision which fixes any personal or property rights, but merely a statement containing information which is subject to evaluation and use as the Budget Secretary and Governor deem appropriate. See West Shore School District v. Homick, 23 Pa. Commonwealth Ct. 615, 353 A.2d 93 (1976); compare Westmoreland County Board of Assessment Appeals v. Montgomery, 14 Pa. Commonwealth Ct. 50, 321 A.2d 660 (1974).