## Sirianni v. Nugent Brothers, Inc.

*Stephen R. Bolden*, for plaintiff.
*Joseph R. Livesy*, for defendant contractor.
*Benjamin F. Levy*, for defendant City of Philadelphia.

PRATTIS, *J.*, May 5, 1978 — Plaintiff, Richard Sirianni, filed an action against defendants, Nugent Brothers, Inc., City of Philadelphia and Paul Rimmeir pursuant to the Pennsylvania Wrongful Death and Survival Statutes alleging liability in the death of his wife and child.

On December 19, 1977, plaintiff filed a motion to compel production of documents pursuant to Pa.R.C.P. 4009. Defendant, City of Philadelphia, on December 30, 1977, filed its answer to the motion admitting in part and denying in part plaintiff's right to inspect and photocopy the documents.

The documents which defendant contends are not subject to disclosure and the bases of those contentions are as follows:

1. 8(i) through (m) inclusive and 8(v). Defendant contends that the documents are not public records within the Right To Know Act, 65 P.S. §66.1(2), and the grant of such a request would require an intolerable and burdensome search prohibited by Rule 4011 of the Pennsylvania Rules of Civil Procedure.

2. 8(g). Defendant contends that disclosure is prohibited by the Right To Know Act as disclosure would operate to the prejudice or impairment of a person's reputation.

3. 8(u). Defendant contends that such documents are irrelevant and immaterial to the case and thereby prohibited by Rule 4007(a) of the Pennsylvania Rules of Civil Procedure.

The following are the documents requested by plaintiff in 8(i) through (m) inclusive and 8(v):

(i) Originals or copies of any and all written documentation in whatsoever form it may exist, whether as inter-office memorandums, reports, inspection reports, letters, telephone message slips, handwritten notes or communications from de-

fendant, City of Philadelphia, to third persons or entities or communications from third persons or entities to defendant, City of Philadelphia, which written documentation describes, establishes, confirms or refers to the existence of an emergency condition which justified the need to dispense with the requirements of the Philadelphia Home Rule Charter, statutes of the Commonwealth of Pennsylvania and regulations of the Department of Licenses and Inspection and Procurement Department of the City of Philadelphia calling for the advertisement for bids and awarding of a contract to the lowest responsible bidder for demolition of the properties located at 1019-1027 North Third Street, Philadelphia, Pa. and 1016-1020 North Bodine Street, Philadelphia, Pa.

(j) Originals or copies of all inter-office memorandums, reports, hand-written reports, telephone message slips or other writings of any nature whatsoever which relate to, discuss or describe on-site inspections of the properties located at 1019-1027 North Third Street, Philadelphia, Pa., made by representatives of defendant, City of Philadelphia, including but not limited to the Department of Licenses and Inspection, within the year preceding the date of the accident in question, August 11, 1977, including all such reports up to and including the date of said accident, to wit, August 11, 1977.

(k) Originals or copies of any and all inspection reports, inter-office memorandums, letters, or other writings of any nature whatsoever made by representatives of defendant, City of Philadelphia, including but not limited to the Department of Licenses and Inspection, and required to be made by said representatives of defendant, City of

Philadelphia, as a normal and routine part of their duties and which refer to or describe or otherwise report upon the accident of August 11, 1977, which is the subject matter of this litigation.

(l) Originals and copies of all inter-office memorandums, reports, hand-written notes, telephone message slips or other writings of any nature whatsoever which relate to, discuss or describe on-site inspections of the property located at 1029 North Third Street, Philadelphia, Pa., made by representatives of defendant, City of Philadelphia, including but not limited to the Third Survey District Department, within the last two years preceding the date of the accident in question, August 11, 1977, including all such reports up to and including the date of said accident, to wit, August 11, 1977.

(m) Originals or copies of any reports, inter-office communications, hand-written notes, telephone message slips, correspondence from third persons or entities to defendant or from defendant to third persons or entities, or any other writings of any nature whatsoever, which relate to, confirm, establish or otherwise refer to the financial qualifications and expertise of defendant, Nugent Brothers, Inc., to perform demolition work for defendant, City of Philadelphia, which reports were prepared or in the possession of defendant, City of Philadelphia, prior to the date of the accident, August 11, 1977.

(v) Originals or copies of any and all reports, telephone message slips, hand-written notes, inter-office communications, correspondence from third persons or entities to defendant, City of Philadelphia, or from defendant, City of Philadelphia, to third persons or entities which relate to an investigation undertaken by the Office of the City Solicitor for defendant, City of Philadelphia, with respect to

the scope of insurance coverage or qualifications and financial stability of insurers issuing insurance certificates, insurance policies or bonds for demolition contractors with whom the defendant, City of Philadelphia, has contracted within the last two years.

Under the Right To Know Act of June 17, 1971, P.L. 160, 65 P.S. §66.1(2), the following definition of public record is given:

"'Public Record.' Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the application of which is prohibited, restricted or forbidden by statute law or order or decree of court or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act." (Emphasis supplied.)

Specifically, defendant contends that documents 8(i) through (m) inclusive and 8(v) are not public records because their inspection would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, and cites Wiley v. Woods, 393 Pa. 341, 141 A. 2d 844 (1958), as controlling. Defendant's reliance on Wiley v. Woods is misplaced.

In Wiley v. Woods, plaintiff, Lillian Wiley, petitioned the Planning Commission of Pittsburgh to recommend to the Pittsburgh City Council that a certain portion of a city street be rezoned. The planning commission denied her petition because it considered her request inconsistent with the new zoning ordinance. Subsequent to the denial, an inquiry was made by a member of the Pittsburgh City Council, pursuant to which a survey was made, investigation notes completed and a report prepared. Wiley sought and was granted access to the report and the denial record, but was not permitted to review the field investigation notes. The court denied access to the field investigation notes on the ground that their disclosure would result in the disclosure of the institution, progress or result of an official agency investigation, and relevant notes were already contained in the report. More important in Wiley is the fact that the report and the denial record were made available to plaintiff as the documents which contained the records for the commissioner's determination. In addition, no purpose would be served by a decision which prevents access to reports of investigations which form the basis for plaintiff's action.

Accordingly, the documents requested by plaintiff in the present case all have some bearing on the city's determination to hire Nugent Brothers and to proceed under the emergency provisions under the

statute, and access to the material specified by 8(i) through (m) and 8(v) is permitted.

In Westmoreland Co. Board of Assessment v. Montgomery, 14 Pa. Commonwealth Ct. 50, 321 A. 2d 660 (1974), the court permitted inspection of board records regarding construction specifications and various dwelling and commercial computations relating to the building or property to be assessed on the ground that that information represents a factual determination of the board affecting personal and property rights.

Likewise, the documents requested by plaintiff represent a factual determination of the city affecting personal and property rights. The above-mentioned documents relate to the city's hiring of Nugent Brothers and its determination that the emergency provision of the statute were applicable. Consequently, the documents are subject to public inspection.

In addition, defendant contends that the documents requested by 8(i) through (m) and 8(v) are not discoverable because an inspection order would require an intolerable and burdensome search prohibited by Pa.R.C.P. 4011.

Although the amount of material requested above is substantial, the same should have been compiled by the City of Philadelphia in its day-to-day activities relating to its decision to hire Nugent Brothers and to proceed under the emergency provisions. Therefore, the material should be contained in closely related, if not the same, files, and readily obtainable.

It is next asserted by defendant that public inspection of all documents above requested by plaintiff is barred by the Right To Know Act because disclosure of same would operate to the prejudice or impairment of a person's reputation.

In Moak, Eiss v. Philadelphia Newspapers, Inc., 18 Pa. Commonwealth Ct. 599, 336 A. 2d 920 (1975), defendant sought and was granted access to the payroll records of the Philadelphia Police Department, as a means of corroborating an allegation of police corruption in the city. Disclosure was refused by plaintiff on the ground that the payroll records along with the Crime Commission report would result in prejudice to the reputation of various policemen. The court, in ordering disclosure, held that payroll records were public records as they concerned disbursements of funds by a government agency. In addition, the court stated that it must consider whether the document by itself would operate to prejudice the reputation of another and not whether the use of the record with other information might have some consequence.

Plaintiff requests in 8(q) writings, either to or by the City of Philadelphia relative to the qualifications of Nugent Brothers, Inc. to perform demolition work. It is these writings that defendant contends would prejudice the reputation of Nugent Brothers, Inc. if disclosed. Disclosure of the documents by themselves should not result in prejudice to defendant's reputation and are therefore subject to public inspection.

Lastly, the city contends that the material requested in 8(u) is barred from discovery by Pa.R.C.P. 4007(a) as irrelevant and immaterial. This contention is wholly without merit.

In 8(u) plaintiff requests writings which relate to the contractual relationship of the City of Philadelphia and Nugent Brothers, Inc., and the problem of assessing the qualifications of demolition contractors. As such, the documents are relevant and material and thus subject to disclosure.

Although not mentioned by defendant as a basis

for nondisclosure, the Philadelphia Home Rule Charter, 351 Pa. Code §5.5-1104, is relevant to the issue of disclosure of documents alleged to be public records.

The Home Rule Charter, §5.5-1104, provides the following:

"City records, the disclosure of which would invade a person's right to privacy, hinder law enforcement, endanger the public safety, or breach a legally recognized duty of confidence, or the nondisclosure of which is legally privileged, or which have been prepared for or by the Law Department for use in actions or proceedings to which the City is or may be a party, shall not be available for public inspection . . ."

The Commonwealth Court in Moak, Eiss v. Philadelphia Newspapers, Inc., supra, found that the provisions of the Home Rule Charter cannot validly establish more restrictive limitations on access to records than imposed by the Right to Know Act, since such a right involves a substantial matter of state concern.

More recently, in Tataren v. Little, 2 D. & C. 3d 651 (1977), Judge Chalfin held that police records pertaining to allegations of police brutality were not exempt from inspection under the Home Rule Charter except to the extent that they were (a) prepared for the law department's use in litigation, (b) legally privileged, or (c) revelation would hinder law enforcement.

Applying Judge Chalfin's analysis to the instant case, there is no allegation that any of the documents were prepared in anticipation of litigation or that the revelation would hinder law enforcement. However, defendant does contend that the material

contained within 8(i) through 8(m) inclusive and 8(v) is privileged since compliance with such a request would require an intolerable and burdensome search prohibited by Pa.R.C.P. 4001, and the documents requested by 8(u) are irrelevant and immaterial and prohibited by Rule 4007(a) of the Pennsylvania Rules of Civil Procedure.

The above contentions having been previously discussed and found to be without merit, cannot operate under the Home Rule Charter provisions to prevent disclosure.

Based on the aforementioned, defendant must make available for plaintiff for inspection, all the material requested by 8(i) through 8(m) inclusive, 8(v), 8(u) and 8(g).