## Ciavarella v. Hanover Township

*James T. Lesko,* for plaintiff.
*Peter J. Savage,* for defendants.

TOOLE, *J.,* March 5, 1990 — This case comes before us pursuant to an appeal by Frank J. Ciavarella from a refusal of Hanover Township to provide a requested copy of a line-item-by-line-item worksheet supporting a proposed amended budget for 1990.

Frank Ciavarella, a Hanover Township resident and taxpayer, went to the municipal building on January 16, 1990, and requested a copy of a proposed and advertised amended budget for 1990. He received a one-page summary sheet. A request to examine the line-item-by-line-item worksheets which obviously gave rise to the one-page summary sheet was denied. On January 17, 1990, Mr. Ciavarella again appeared, requested and was refused the right to inspect and photocopy the amended budget on a line-item-by-line-item basis. A subsequent letter from counsel requesting the information was also rejected and denied.

Ciavarella bases his right to examination on the so-called "Right to Know Act," Act of June 21, 1957, P.L. 390, as amended, 65 P.S. §66.1 et seq. Essentially Ciavarella contends that the worksheet used

as a basis for compilation of the summary sheet he was given is a public record which must be made available to him and any other requesting taxpayer. The township counters that they provided the only instrument required by law and that the worksheets employed by any commissioner or any other person in the budgetary computations are not public records.

We begin with the recognition that the appropriate remedy for a person denied a request to examine and inspect public records would be an appeal to this court under the Right to Know Act. See 65 P.S. §66.4. See also, *Barton v. Penco,* 292 Pa. Super. 202, 436 A.2d 1222 (1981).

We turn then to the issue of whether or not the worksheets sought in this matter constitute a "public record" which is defined in the act as follows:

"(2) 'Public Record.' Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons. . ."

Ciavarella contends that the one-page sheet provided to him was obviously based upon a worksheet compilation. He does not seek and indeed he is not entitled to any worksheet of any particular official. What he does seek is to inspect the worksheet which supports the compilations which appear on the one-page summary sheet furnished to him. He contends in effect that this worksheet constitutes a decision by the agency fixing the personal or prop-

erty rights, privileges, immunities, duties or obligations of any person or group of persons as provided in the act.

In asserting his right to examine the requested document or documents, Ciavarella relies principally on the concept that the requested document constitutes a public record. Our focus is then on that portion of the definition which reads: "Any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons." As the court noted in *Pennsylvania Association for Children and Adults with Learning Disabilities v. Commonwealth, Department of Education,* 91 Pa. Commw. 531, 498 A.2d 16 (1985), this language is to be read as including, but not limited to, "decisions which establish, alter, abolish or deny rights, privileges, immunities, duties or obligations."

There is no question that the township supervisors are required to prepare a proposed budget reflecting as nearly as possible the estimated revenues and expenditures needed by the township for the budgetary year. The budget is required to be prepared on a uniform form which is prepared and furnished as provided in the act. Final action is not to be taken on any proposed budget until after at least 10 days' public notice. The proposed budget is directed to be published or otherwise made available for public inspection at least 20 days prior to the date set for the adoption of the budget. The township commissioners, after making such revisions and changes therein, as appear advisable, must adopt the budget not later than December 31. The township commissioners are then required to file a copy of the adopted budget with the office of the Department of Community Affairs (see P.S. §56701). The commissioners have, of course, the

right to amend the budget provided there is a period of 10 days' public inspection of the proposed amended budget after notice. See section 56701.1.

The township contends that the worksheet for the proposed amended budget is nothing more than an estimate which was not binding upon anyone and so could not be construed as a minute, order or decision of the Board of Commissioners of Hanover Township and as such are not public records. In support of their position, they cite *Butera v. Commonwealth of Pennsylvania, Office of Budget,* 29 Pa. Commw. 343, 370 A.2d 1248 (1977). Ciavarella, on the other hand, cites *Young v. Armstrong School District,* 21 Pa. Commw. 203, 344 A.2d 738 (1975).

It is clear that the budgetary form completed and made available for inspection by the Hanover Township Commissioners was based upon some compilation or worksheet. If that worksheet does not in an of itself represent a decision by the commissioners, it certainly "constitutes an essential component of [the commissioners'] decision" by an agency within the meaning of the act. This is the sort of record which obviously provides the basis for the figures which have been placed upon the form made available for public inspection. This worksheet is the sort of record which explains the accuracy of the proposed budget. It is true that the commissioners are not bound to the figures in the worksheet or in the budget as they are subject to amendment and/or final adoption. However, we do note that it is unlawful to prepare and advertise notice of a proposed budget when the same is knowingly inaccurate. We believe the definition of public record in the act is broad enough to encompass the worksheet sought in this case. We see no difference between the worksheets in this case and the records involved in *Young v. Armstrong School District,* 21 Pa. Commw. 203, 344 A.2d 738 (1975) and *Patients of*

*Philadelphia State Hospital v. Commonwealth,* 53 Pa. Commw. 126, 417 A.2d 805 (1980) and the statistical data involved in *Pennsylvania Association for Children and Adults with Learning Disabilities v. Commonwealth, Department of Education,* 91 Pa. Commw. 531, 498 A.2d 16 (1985).

While we find *Butera, supra,* instructive, we do not believe it controls or resolves the present issue. We believe the worksheet here involved is different or distinguishable from the departmental budget reports in that case. These figures were more than informational. Indeed, unless amended, they would fix the taxpaying obligation of the township residents.

In any event, we believe the inspecting public should, as a matter of right, be entitled to inspect and to copy, if necessary, not just the one-page summary sheet offered in this case but the right to examine and analyze the line-by-line items which give rise to the computations shown on the summary. To permit or require inspection only of the summary sheet does not in any way promote the spirit or the letter of the law. There is no real benefit in examining a summary sheet unless the data upon which it is based is also available for taxpayer perusal. It is only in this way that the inspecting public can determine whether the proposed budget is or is not inaccurate.

For any and all of the foregoing reasons, we enter the following

## ORDER

The Board of Commissioners of Hanover Township is ordered and directed to make available for inspection and photocopying the worksheet or compilation employed and utilized in the preparation of the proposed amended budget which was made available for inspection and provided to petitioner.