Munnell Appeal.

Argued November 10, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John G. Kish,* with him *T. Robert Brennan,* and *Brennan and Brennan,* for appellants.

*Ines W. Cordisco,* for appellee.

OPINION BY JACOBS, J., September 21, 1971:

In 1969, the City of McKeesport, a third-class city, passed an ordinance providing for a Business Privilege Tax. This ordinance was enacted pursuant to the taxing authority given to third-class cities by The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, 53 P.S. §6901 *et seq.*

The ordinance imposes a six-mill tax on the privilege of doing business in McKeesport and is measured by the gross receipts of the business. Business is defined as "carrying on or exercising whether for gain or profit or otherwise within the City of McKeesport any trade, business . . . profession, vocation, service, construction, communication or commercial activity, making sales to persons or rendering services from or attributable to a McKeesport office or place of business." Due to the broad definition of "business", this tax affects corporations, partnerships, and individuals. Certain exemptions from the tax are provided, the most important of which are: (1) an exemption for any business which is already subject to the McKeesport Mercantile Tax, and (2) an exemption for any business from which the power to tax is withheld by law.

Appellants, 33 individuals and 10 corporations, appealed the adoption of the tax to the court below as provided by section 6 of The Local Tax Enabling Act. That court affirmed the validity of the tax and this appeal followed.

In support of their argument that the tax is invalid, appellants contend: (1) that The Local Tax Enabling Act is an act of limitation and, therefore, since a business privilege tax is not specifically authorized by the Act, such a tax is not permitted; (2) that the tax is unconstitutional because it lacks uniformity; (3) that the tax is unconstitutional because the ordinance establishing the tax authorized an improper delegation of authority to a tax commissioner; (4) that the tax is invalid when applied to the corporate-appellants since such a tax violates section $2(3)^1$ and section $3^2$ of The Local Tax Enabling Act; (5) that the tax is invalid as to the individual-appellants because it duplicates other taxes which they must pay; and (6) that the tax is unconstitutional because it imposes an unreasonable burden and restricts free trade.

The Supreme Court of Pennsylvania recently held the Pittsburgh Business Privilege Tax to be valid in *F. J. Busse Company v. Pittsburgh*, 443 Pa. 349, 279 A. 2d 14 (1971). The Pittsburgh tax is almost identical to the tax which is challenged in the instant case. In upholding the validity of the Pittsburgh tax, the Court held that: (1) The Local Tax Enabling Act does authorize a city to impose a business privilege tax; (2) the tax is uniform since the taxpayers did not meet their burden of proving that the taxing classifications were unreasonable; (3) the taxing statute did not authorize an unlawful delegation of taxing authority; and (4) the tax is not invalid under sections 2(3) and 3

---

[1] Section 2(3) of The Local Tax Enabling Act prevents political subdivisions, except in certain cases not here applicable, from imposing a tax "on the privilege of employing such tangible property as is now or does hereafter become subject to a State tax. . . ."

[2] Section 3 of The Local Tax Enabling Act states, *inter alia*, "It is the intention of this section to confer upon such political subdivision the power to levy, assess and collect taxes upon any and all subjects of taxation . . . which the Commonwealth has power to tax but which it does not tax or license. . . ."

528

of The Local Tax Enabling Act. *Busse* is obviously controlling as to the first four contentions of appellants in the instant case; therefore, the McKeesport tax cannot be declared invalid on the basis of those contentions.[3]

The final two contentions of appellants must also be rejected. The individual-appellants contend that, as to them, the tax is invalid since it duplicates other taxes which they must pay, namely, the McKeesport Earned Income Tax and the Occupational Privilege Tax. It is true, as appellants contend, that double taxation will not be imputed as the intendment of the Legislature without express language clearly showing such intent. See *Smith v. Messner,* 372 Pa. 60, 92 A. 2d 417 (1952). We need not consider, however, whether the Legislature intended double taxation since we conclude that the Business Privilege Tax does not duplicate either the Earned Income Tax or the Occupational Privilege Tax.

"Double taxation exists only where there is the imposition of the same tax by the same taxing power upon the same subject matter." *Spencer v. Snedeker,* 361 Pa. 234, 238, 64 A. 2d 771, 772 (1949). The tax base upon which the Business Privilege Tax is imposed is different from the tax base upon which the Earned Income Tax is imposed: The Business Privilege Tax places a six-mill tax on *gross receipts;* the Earned Income Tax places a flat percentage rate on either *"earned income"* or *"net profits".* As to an individual businessman (as are all appellants to which this argument is applicable) the Earned Income Tax is based on net profits: 53 P.S. §6913 (Supp. 1971). Since "net profits" is defined as

---

[3] *Busse,* as noted, ruled that the uniformity argument must be rejected because it was not proven that the taxing classifications were unreasonable. Likewise, in the instant case, appellants contend that the classifications are unreasonable *per se* and offered no proof as to the unreasonableness. As in *Busse,* this does not meet their burden of proof.

"the net income from the operation of a business . . . after provision for all costs and expenses . . .", *id.*, it is readily apparent that gross receipts and net profits reach different tax bases. For instance, a taxpayer might have no net profits and therefore pay no Earned Income Tax while at the same time have gross receipts which would require him to pay the Business Privilege Tax; thus, the subject matter of the two taxes differ. Furthermore, the Business Privilege Tax is applicable only to those persons engaged in business while the Earned Income Tax must be paid by all individuals having an "earned income" or "net profit". Therefore, the Business Privilege Tax cannot be said to be directed at an identical group of taxpayers.[4]

Likewise, the Occupational Privilege Tax is on the privilege of engaging in an occupation, which is a different tax from a tax on the privilege of engaging in a business. For example: A lawyer who works for a corporation is engaging in an occupation; a lawyer who establishes an individual practice is not only engaging in an occupation but is, additionally, engaging in a business. The two taxes reach entirely different privileges and thus do not duplicate one another.

Appellants finally argue that the Business Privilege Tax imposes an unreasonable burden and restricts free trade. However, no testimony was taken nor evidence submitted to support these contentions. Without evidence to support these claims, it cannot be said, as a matter of law, that a six-mill tax restricts free trade or imposes an unreasonable burden.

Order affirmed.

CERCONE, J., concurs in the result.

---

[4] It, also, has been stated that an income tax is a property tax. *Kelley v. Kalodner*, 320 Pa. 180, 181 A. 598 (1935). The Business Privilege Tax is an excise tax. *Busse*, supra. This is an indication that the Earned Income Tax and the Business Privilege Tax are of a different nature and thus not the same tax.