Man, Levy & Nogi, Inc., et al., Petitioners *v.*
School District of the City of Scranton and
Gerard Schirra, Tax Collector, Respondents.

Argued April 6, 1977, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Henry P. Burke*, with him *Donald G. Douglass*, for petitioners.

*James A. Kelly*, for respondents.

*Frank R. Bolte*, with him *Victor R. Delle Donne*, and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig*, for amicus curiae, Pennsylvania Association of Independent Insurance Agents.

OPINION BY JUDGE KRAMER, July 13, 1977:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County, dated June 21, 1976, which sustained the preliminary objection in the nature of a demurrer raised by the School District of the City of Scranton and Gerard Schirra, Tax Collector, and dismissed the cause of action brought by Man, Levy & Nogi, Inc. and the other plaintiffs in this case.

We affirm the order of the lower court and dismiss the appeal on the well-reasoned and carefully written opinion of Judge Kosik at No. 380 March Term 1976, Court of Common Pleas of Lackawanna County, Pennsylvania. The opinion is set forth and attached hereto for the convenience of the reader.

OPINION: Kosik, J.

"This case is presently before the court on defendants' preliminary objections in the nature of a demurrer to plaintiffs' appeal from a decision of the Tax Collector of the City of Scranton, Pennsylvania.

"The plaintiffs[1] are individuals, partnerships and corporations engaged in the business of selling insurance within the City of Scranton. These independent insurance agents seek an exemption from the Business Privilege Tax imposed by the Scranton School District and upheld by the Tax Collector under the authority of the Local Tax Enabling Act, No. 511 of December 31, 1965, P.L. 1257, 53 P.S. 6901, et seq. The appeal alleges that the local tax is duplicative of a pre-existing state tax, and also that the local tax impermissibly reaches non-residents of the city. It is further alleged that the School District's tax levied at the rate of six mills on each dollar of gross annual receipts is a deprivation of property violative of due process of law.

"Defendants, the School District and Tax Collector of the City of Scranton, through the nature of their preliminary objections, admit every well pleaded material fact in plaintiffs' petition for appeal and all reasonable inferences therefrom. The sole issue raised by preliminary objections in the nature of a demurrer is whether or not the facts alleged are sufficient in themselves to entitle the plaintiffs to relief. Interna-

---

[1] Plaintiff Eugene Hickey Insurance filed a praecipe removing himself from the action.

tional Union of Operating Engineers v. Linesville Construction Co., 457 Pa. 220, 322 A.2d 353 (1974).

"Accepting as true the facts which plaintiffs allege, as we must, it is clear that one plaintiff may be entitled to judicial relief. Plaintiffs' petition alleges that the petitioner, Rogers-Olver-Polley, Inc., is not engaged in business within the City of Scranton. Therefore, the tax in question, by its very terms, does not apply to this petitioner. However, as to every other plaintiff-petitioner, the tax is unquestionably valid and defendants' demurrer must be sustained. It is to these remaining petitioners that we now direct our attention.

"Plaintiffs' first argument is that the School District's Business Privilege Tax is pre-empted as to them by a Gross Premiums Tax enacted by the Commonwealth of Pennsylvania. That is, since every insurance company transacting business in the Commonwealth of Pennsylvania pays a state tax at a rate of two percent of the gross premiums received from business done within the Commonwealth each year (72 P.S. 7901, et seq.), and since plaintiffs' own income as independent insurance agents is derived from the premiums paid by insureds to insurance companies, plaintiffs argue that the School District's Business Privilege Tax constitutes a second tax upon the same subject taxed by the state, in violation of the Local Tax Enabling Act.

"Section 3 of the Local Tax Enabling Act states that local authorities may tax '. . . any and all subjects of taxation . . . which the Commonwealth has power to tax but which it does not tax. . . .' 53 P.S. 6903. The inquiry under this standard must be twofold: What is the subject of the local tax, and is that same subject taxed by the Commonwealth?

"The Business Privilege Tax levied by the School District of the City of Scranton is a tax on the value

of the privilege of doing business within the City. The tax is measured by the amount of gross receipts from business transacted within the City. However, the subject of this tax is the privilege of transacting business, not the property by which the tax is measured. The business privilege has always been held to be a taxable subject separate and distinct from the property of the businessman. See: Commonwealth v. National Biscuit Company, 390 Pa. 642, 136 A.2d 821 (1958); National Biscuit Co. v. Philadelphia, 374 Pa. 604, 98 A.2d 182 (1953), and cases cited in the latter at 613. Even in the case of F. J. Busse Company v. City of Pittsburgh, 443 Pa. 349, 279 A.2d 14 (1971), cited by plaintiffs, local business privilege tax similar to that in the instant case was clearly distinguished from various property taxes.

"The Gross Premiums Tax imposed by the Commonwealth of Pennsylvania is also a privilege tax, not a tax on property, although the tax is measured by certain tangible property, i.e., premiums. The privilege which is the taxable subject of the Gross Premiums Tax is an insurance company's privilege of transacting business within the Commonwealth of Pennsylvania. Philadelphia Life Insurance Co. v. Commonwealth, 454 Pa. 157, 309 A.2d 811 (1973), footnote 1 of concurring opinion at 164.

"Since business privileges are a unique taxable subject, and since the local and state taxes here questioned each tax a different privilege, it is clear that no duplication exists. Plaintiffs confuse the subject of a tax with its measure. Their confusion is based upon a misinterpretation of the following quoted language from the F. J. Busse case, supra, at page 357:

'In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as

against mere differences in terminology from time to time employed in describing taxes in various cases. The incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied.'

"It should be noted that the above-quoted language of the F. J. Busse case is taken from the Supreme Court decision in Commonwealth v. National Biscuit, supra. This latter case discusses at great length the difference between a tax whose subject matter is privilege and a tax whose subject is the property by which a privilege may be measured. We have already said that the taxes which plaintiffs attempt to juxtapose have as their subjects two distinct taxable privileges. Plaintiffs' duplication argument is thus disposed of without further inquiry into the measures of taxation. Nevertheless, any identity of property by which the taxes here are measured is an identity of semantics not substance. The state tax in question is measured by premiums receivable by an insurance company. The measure of the local tax is the gross volume of a taxpayer's business within the city. The fact that plaintiffs, as independent insurance agents, choose to measure their own local business as a percentage of premiums paid to insurance companies is a matter of mere terminology. The essential fact remains that the local tax is measured by the volume of plaintiffs' business, and not by the volume of business conducted by an insurance company.

"Plaintiffs cite the case of Murray v. Philadelphia, 364 Pa. 157, 71 A.2d 280 (1950) as analogous to the case at bar. It is not. In the Murray case, the City of Philadelphia passed a net income tax which purported to tax dividend income in the hands of stockholders. Since an income tax is a tax on the property itself, and since the dividends as property had already

been taxed while in the hands of the corporation by the state capital stock tax, the court found the city tax to be a second tax on the same property. As already stated, the local and state taxes under consideration in the instant case are privilege taxes levied upon separate and distinct business privileges, and the attempted analogy to property taxes cannot control.

"Plaintiffs' remaining arguments must also be dismissed. The School District's Business Privilege Tax is not prohibited by the Local Tax Enabling Act as a tax on '. . . the privilege of employing such tangible property as is now or does hereafter become subject to a state tax. . . .' 53 P.S. 6902(3). Even if the State Gross Premiums Tax were a tax upon premiums as tangible property, the privilege upon which plaintiffs are taxed is the privilege of transacting business, not simply the privilege of 'employing' premiums as property. The mere fact that tangible property is utilized in exercising a privilege does not convert a tax on that privilege to a tax on the privilege of using the property. See Plymouth Lanes v. Plymouth Twp., 415 Pa. 206, 202 A.2d 811 (1964).

"Those plaintiffs who are non-residents of the City of Scranton argue additionally that the Scranton School District is prevented by section 2(5) of the Local Tax Enabling Act from imposing a tax on '. . . salaries, wages, commissions, compensation and earned income of non-residents. . . .' 53 P.S. 6902(5). It is clear from a complete reading of the Act that the terms 'salaries,' 'wages,' 'commissions' and 'compensation' are all descriptive of earned income. See section 13 of the Act, 53 P.S. 6913. What is denied the Scranton School District is the authority to levy an earned income tax upon non-residents of the District. However, a business privilege tax is not an earned income tax. Appeals of Jeffrey C. Munnell, et al., 219 Pa. Super. 525, 281 A.2d 906 (1971). The privilege tax is

82

measured by gross volume of business and is payable whether or not the taxpayer makes any profit or earns any income during the taxable year. As such, it is not proscribed by the statutory language referred to by plaintiffs.

"Plaintiffs' final argument is that the tax deprives them of property without due process of law because the impact of the tax cannot be passed to the consumer. However, no facts are pleaded which allege that the tax is confiscatory. Without such an allegation, any claimed violation of due process is not legally sufficient to merit relief. Alco Parking Corp. v. City of Pittsburgh, 307 A.2d 851, 453 Pa. 245 (1973) reversed on other grounds, 94 S. Ct. 2291, 417 U.S. 369.

"For all of the aforesaid reasons, plaintiffs have failed to state legally cognizable claims and defendants' preliminary objections are sustained, except as to the plaintiff, Rogers-Olver-Polley, Inc. As to that plaintiff, defendants' preliminary objections are dismissed."

ORDER

AND Now, this 13th day of July,1977, the order of the Court of Common Pleas of Lackawanna County, dated June 21, 1976, at No. 380 March Term 1976, is affirmed.