Pittsburgh, et al. *v.* Houston, et al.

Argued March 6, 1973, before President Judge Bowman, and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*William McC. Houston,* with him *Houston, Houston & Donnelly,* for appellants.

*Grace S. Harris,* Special Assistant City Solicitor, with her *Ralph Lynch, Jr.,* City Solicitor, for appellees.

OPINION BY JUDGE WILKINSON, April 19, 1973:

It is entirely appropriate that we should introduce this opinion with the introduction used by Justice POMEROY in his able opinion when this taxing ordinance was attacked in *F. J. Busse Company, et al. v. Pittsburgh,* 443 Pa. 349, 352, 279 A. 2d 14, 15 (1971).

"The City of Pittsburgh, as a municipal corporation and a city of the second class, acting under the authority of the Local Tax Enabling Act of December 31, 1965, P. L. 1257, as amended, 53 P.S. §6901 et seq. (Supp. 1971) (hereinafter 'the Act' or 'the Enabling Act') enacted Ordinance No. 675 of 1968, known as the Business Privilege Tax Ordinance, imposing a tax upon the privilege of engaging in business in the City of Pittsburgh. This tax is measured by the gross receipts of a business and is assessed at the rate of six mills per dollar of volume of gross annual receipts. The appellants, a group of domestic and foreign corporations engaged in the contracting and construction industry, filed a complaint in equity attacking the validity of the ordinance and seeking to have the City and its officials enjoined from collecting the tax. The chancellor found the tax ordinance to be valid and applicable to the appellants; after exceptions his decree was affirmed and made final by the court en banc. This appeal followed.

"The appellants assert that the ordinance should be invalidated for a variety of reasons, to wit: (1) the City had no authority to enact such an ordinance by virtue of the provisions of the Act; (2) the tax imposed by the ordinance duplicates already existing state taxes on the same property or subject matter; (3) the tax imposed by the ordinance violates the uniformity clause of the Pennsylvania Constitution (Art. VIII, Sec. 1); (4) the ordinance contains an unlawful delegation of legislative authority to the treasurer of the City of Pittsburgh; and (5) the tax imposed by the ordinance exceeds the maximum rate which under the Act is allowed for a mercantile tax. We find none of these arguments persuasive and affirm the order of the lower court.[1] [Footnote 1: The appellants also argue that the business privilege tax imposed by the ordinance is an earned income tax which under Section 13 of the 1965 Act, 53 P.S. §6913 (Supp. 1971) can be imposed only upon natural individuals. By definition, the tax imposed by the City is not an income tax, but rather a tax on a privilege which is measured by the gross receipts collected from conducting a business and *not* by the amount of profit made by the taxpayer.]" Appellants did not challenge *Busse,* indeed they ignore it completely!

Appellants, a partnership of attorneys practicing in Pittsburgh, state the two narrow questions presented in this case as:

"1. Is a municipal levy of a gross receipts tax adopted under the authority of the Local Tax Enabling Act fatally defective as to persons engaging in an occupation as partners where the ordinance purports to levy and assess the tax on a partnership as a separate entity and does not levy and assess the tax on individual partners?

"2. May a municipality levy, assess and collect under the Local Tax Enabling Act a 6 mill gross re-

ceipts tax without monetary limit on the privilege of engaging in the practice of law where that Act specifically limits the permissible tax on an individual for the privilege of engaging in an occupation to a maximum of $10 per calendar year?" The lower court answered the first question in the negative, the second in the affirmative—thus sustaining the validity of the tax. We must affirm.

Appellants have not directed our attention to any cases in Pennsylvania which declared a tax to be invalid because it was levied on a partnership. Indeed, in the cases relied upon by appellants, the partnerships in fact paid tax on that part of the subject of the tax which the court held taxable. Stated another way, in each instance the partnership taxpayer challenged only part of the tax. In *Tax Review Board v. Belmont Laboratories Company,* 392 Pa. 473, 474, 141 A. 2d 234, 235 (1958) : "The question involved may be thus stated: Does the Philadelphia ordinance validly assess a net profits tax upon a partnership whose sole office is in Philadelphia upon profits earned in a foreign corporation on goods manufactured and sold in a foreign country, when the residence and domicile of all members of the partnership is outside of Philadelphia? . . . The partnership's sole office and place of business was and is at 4730 Market Street, Philadelphia. *The partners paid the Philadelphia Net Profits Tax on all Mazon Ointment and Mazon Soap manufactured and sold in Philadelphia (and distributed throughout the United States)."* In *Tax Review Board v. D. H. Shapiro Company,* 409 Pa. 253, 254, 185 A. 2d 529, 530 (1962) :

"D. H. Shapiro Company is a partnership engaged in the practice of public accounting, having its only office in the City of Philadelphia. . . .

"In filing net profits tax returns for the years in question, Shapiro excluded from its tax base the distrib-

utive shares of its nonresident partners attributable to services performed outside of Philadelphia. . . .

"The question presented for our determination is whether a partnership composed of residents and nonresidents of Philadelphia, having its sole office in Philadelphia and performing services both outside and inside Philadelphia, is subject to the Philadelphia Net Profits Tax on all of its profits, or whether the profits earned by nonresident partners for services performed outside Philadelphia are properly excludable from the partnership's net profits for purposes of the tax." Justice, later Chief Justice, BELL stated affirmatively in *Belmont, supra*:

"While that is the general rule, it does not follow that for purposes of taxation a partnership may not be taxed, or may not have a domicile for tax purposes, separate and distinct from that of the individuals who compose it. In other words, a partnership may be recognized as a legal entity for certain purposes. In *Burnet v. Leininger*, 285 U.S. 136, the Court held that Congress has power to tax a partnership as an entity, or to tax the partners individually. The Court said (page 142) : 'We find no reason to doubt the validity of the tax. The Congress, having the authority to tax the net income of partnerships, could impose the liability upon the partnership directly, as it did under the Revenue Act of 1917 (40 Stat. 300, 303), or upon the "individuals carrying on business in partnership," as in the statutes here involved.'

"The modern trend of both the Courts and legislative bodies is to treat a partnership for certain purposes as an entity." 392 Pa. at 479, 141 A. 2d at 237.

The second question raised by appellants was answered directly against their position by the Superior Court of Pennsylvania in *Munnell Appeal*, 219 Pa. Superior Ct. 525, 281 A. 2d 906 (1971), when a similar challenge was made to a similar ordinance of the City

of McKeesport without success. The appellants may obtain some personal satisfaction from labeling Judge JACOBS' able opinion "verbal haberdashery," but they cannot find a legal haven in the decision which held that the essentially similar tax did not duplicate the occupational privilege tax: ". . . the Occupational Privilege Tax is on the privilege of engaging in an occupation, which is a different tax from a tax on the privilege of engaging in a business. For example: A lawyer who works for a corporation is engaging in an occupation; a lawyer who establishes an individual practice is not only engaging in an occupation but is, additionally, engaging in a business. The two taxes reach entirely different privileges and thus do not duplicate one another." 219 Pa. Superior Ct. at 529, 281 A. 2d at 908.

Affirmed.

Judge MENCER dissents.