**Miller v. Barley Convalescent Home North**

68

*John C. Herrold*, for plaintiff.
*Robert B. Kane*, for defendant.

ERB, *J.*, July 23, 1983—This matter comes before the court upon defendant's motion for summary judgment.

Defendant operates a convalescent and nursing home within West Manchester Township. On January 10, 1980; the township adopted an ordinance which imposes a tax of one-half mill on each dollar of volume of the gross annual receipts of each person engaging in a business in West Manchester Township. (West Manchester Township Business Privilege Tax, Ordinance No. 80-2). Upon defendant's failure to pay the tax due, plaintiff instituted an action in assumpsit, requesting that defendant be made to comply with the ordinance.

In its answer and new matter, defendant argues that it is exempt from liability under the local ordinance because extensive state regulations of the nursing home field serve to pre-empt local regulation of the same area and prevent plaintiff from collecting its tax, according to the Local Tax Enabling Act, 53 P.S. §6902(1). Plaintiff filed a reply to new matter, denying that the Enabling Act barred the township from collecting its business privilege tax.

At a pre-trial conference, a memorandum was entered which provided that defendant file a motion for summary judgment, allowing the court to resolve the legal issue raised by the pleadings.

The central issue presented by defendant's motion is whether the Commonwealth, through its extensive regulation of defendant's business, has pre-empted local taxation of the same activity so that defendant is exempt from plaintiff's business privilege tax.

In determining whether a municipal ordinance impermissibly impinges on a field which is already the subject of state regulation, the relevant legislation must be examined to ascertain whether it was the intention of the legislature to exclusively reserve that activity for state regulation. City of Pittsburgh v. Allegheny Valley Bank of Pittsburgh, 488 Pa. 544, 412 A. 2d 1366 (1980).

Defendant cites the Allegheny Valley Bank case for the broad proposition that the existence of a uniform and wideranging system of state regulation indicates a legislative intent that such a regulatory scheme preempt all other measures pertaining to the same subject or activity. We find that that interpretation, however, glosses over several important factual distinctions and elements estab-

lished by case law as relevant to a preemption question.

First, it must be determined that the state and local laws address the same subject or activity, so that the provision of the local Tax Enabling Tax allowing municipalities to tax areas not taxed by the Commonwealth does not apply. Local Tax Enabling Act, 53 P.S. §6903; United Tavern Owners of Philadelphia v. Philadelphia School District, 441 Pa. 274, 272 A. 2d 868 (1971). In this United Tavern Owners case, the City of Philadelphia was barred from enacting a tax on retail liquor sales because the state had explicitly claimed that authority by enacting two acts also taxing the retail liquor sales. However, distinctions have been made between measures which tax the value of the privilege of transacting business within a municipality and laws which tax the value of the business' property. Man, Levy, and Nogi v. Scranton, 31 Pa. Commw. 75, 375 A. 2d 832 (1977).

Second, where the statutory language does not explicitly indicate any legislative intent that a state regulation preempt a local law, the courts have examined the purpose and effect of state and local schemes to uncover any possible conflict or duplication. United Tavern Owners of Philadelphia v. Philadelphia School District, supra. The local ordinance will not be struck down unless "there is such actual, material conflict between the state and local powers that only by striking down the local power can the power of the wider constituency be protected." Id. at 280. Measures which are revenue-producing in effect and those which are enacted under the state's police power to supervise and regulate an industry will not be seen as conflicting, although they may address the same transaction, occupation, privilege, or activity.

Philadelphia Tax Review Board v. Smith, Kline and French Laboratories, 437 Pa. 197, 262 A. 2d 135 (1970). Furthermore, to concede plenary and exclusive control under the police power is not to concede authority under the taxation power. United Tavern Owners, supra at 441 Pa. 280. In Philadelphia Tax Review Board v. Smith, Kline, and French Laboratories, supra, a city mercantile license tax on the gross revenues of a drug manufacturer was not found to be preempted by the Drug, Device and Cosmetic Act of September 26, 1961, P.L. 1664, a regulatory measure passed under the state's police power. The court found no conflict between the local mercantile tax, whose revenue-producing function was identified by the large monetary income it generated, and the Drug Act, which subjected the industry to supervision in the interests of public health, safety, and welfare.

In contrast, the effect of the municipal business privilege tax in City of Pittsburgh v. Allegheny Valley of Pittsburgh, supra, directly conflicted with and even undermined the function of the state system of banking regulations. The Pittsburgh Ordinance imposed a substantial tax burden on state banks. The court held that an accumulation of such local plans would threaten the "financially delicate" state banking system whose institutional security the state laws sought to preserve. Id. 412 A. 2d at 1371.

The court's finding of preemption was based on the intrusive effect threatened by the local ordinance rather than on the breadth or uniformity of the state regulatory system.

We conclude, therefore, that the mere extensiveness or uniformity of a state regulatory scheme alone will not preempt a local measure directed at

the same general activity. Only where state and local measures are identical in purpose or effect, or where a local ordinance would impose a substantial financial burden on the taxed subject tending to destroy the object of the state regulation, will the local law be said to impinge upon state authority.

The application of these principles to the instant case compels our conclusion that the content and extensiveness of state regulations of the nursing home business do not require the preemption of West Manchester's business privilege tax. The two measures are neither conflicting in purpose nor identical in effect. Paraphrasing the statutory language, the Health Care Facilities Act (35 P.S. §448-802(a)), states that its purpose is to protect the public welfare through the enforcement of regulations setting minimal standards for the operation of health care facilities, while West Manchester's Business Privilege Tax, Ordinance No. 80.2 is clearly concerned with the production of revenue.

Although both laws affect the nursing home industry, the subject matter of one is distinguishable from the other: the local ordinance is directed at defendant's gross annual receipts, while the state regulations pertain to its operation as a health care facility. Thus, plaintiff's tax ordinance cannot be said to conflict with or threaten the police power purpose of the state measures directed at regulating the nursing home business to safeguard the care of those using those facilities.

Defendent does not cite, nor can we find a provisions in any of the state regulations which impose a tax on plaintiff's business. Defendant contends there is a conflict between the local tax ordinance and its obligation to pay to the Commonwealth a licensing fee, pursuant to 62 P.S. §1006. The Supreme Court has held that a licensing fee is not a

revenue-producing measure and that its payment does not exempt a taxpayer from a local tax. Philadelphia Tax Review Board v. Smith, Kline, and French Laboratories, supra. This court has held that a fee paid by a law firm to the Supreme Court's Disciplinary Committee was a regulatory, not a revenue-producing, measure and as such, did not exempt the firm from paying the city's business privilege tax. City of York v. Shoemaker Thompson and Ness, 94 York 43 (1980).

In conclusion, we find that West Manchester's business privilege tax does not conflict with or impinge upon the body of state regulations to which defendant's business is subject. Defendant, therefore, must comply with Ordinance No. 80-2.

We, therefore, enter the following

## ORDER

And now, July 27, 1983, defendant's Barley Convalescent Home North, motion for summary judgment is refused and denied.