## Casaletto v. Yorco Agency, Inc.

*Janis M. Rozelle,* for plaintiff.
*Robert P. Kane,* for defendant.

CASSIMATIS, *J.,* April 23, 1984—This matter is before the court on both plaintiff's and defendant's motions for summary judgment to an action brought by plaintiff seeking a declaratory judgment. The issue before us is whether the state has preempted the insurance field, thereby precluding the taxation of defendant by the City of York. After careful consideration of all the materials before us, we find that the state has not preempted the field to the exclusion of plaintiff and, therefore, we shall grant plaintiff's motion for summary judgment and deny defendant's motion.

Defendant is an insurance agency duly authorized to do business in Pennsylvania and has maintained a place of business in the City of York during

the time in question. Defendant acts as an agent for various insurance companies and in that capacity sells all forms of insurance coverage to the public.

On December 30, 1967, pursuant to authority granted to the City of York by the Local Tax Enabling Act, 53 P.S. §6901 et seq., the City of York legally enacted Part 3, Title 5, Article 343 of the Codified Ordinances of the City of York entitled Business Privilege Tax.

The Business Privilege Tax Ordinance of the City of York imposes on every person engaging in any business, trade, occupation or profession in which there is offered any service or services to the general public or a limited number thereof, an annual tax at the rate of three mills on the gross receipts derived from all services rendered to clients, patients and customers.

In 1980, an appropriate form was sent to defendant for the purpose of filing a Business Privilege Tax return for the commissions earned by it during 1979. Defendant failed to file the return and has similarly failed to file returns for the years 1980, 1981 and 1982. This matter was referred to the Office of the City Solicitor which commenced this action seeking a declaratory judgment in its favor and an order directing defendant to comply with the filing and payment provisions of Article 343.

Defendant has refused to pay this tax claiming that it is exempt from the tax since the state has preempted the field of insurance through its extensive regulation, licensing and taxation of the industry. Defendant claims that this preemption, as evidenced by the Gross Premiums Tax imposed on insurance companies by the state under 72 P.S. §7901 et al., prohibits duplicative taxation by local authorities. Presently before us are the motions for summary judgment filed by both parties.

Generally, a motion for summary judgment may be granted only if the pleadings, depositions, answers and interrogatories, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035, 42 Pa.C.S. §6, Standard Pennsylvania Practice 2d, §32:6. Since there are no issues of fact to be resolved, this court concludes that plaintiff is entitled to judgment as a matter of law, and defendant's argument is without merit.

In determining whether a local ordinance such as the Business Privilege Tax impermissibly impinges on a field already under state regulation, the relevant legislation must be examined to ascertain whether the legislature intended to maintain the industry within their exclusive control. Miller v. Barley Convalescent Home North, 27 D.&C. 3d 67 (1983), City of Pittsburgh v. Allegheny Valley Bank of Pittsburgh, 488 Pa. 544, 412 A.2d 1366 (1980).

Defendant cites the Allegheny Valley Bank case as controlling and argues that in the presence of such widespread regulation of the insurance industry by the state, the legislature clearly intended that all local measures pertaining to this field be preempted. While this may have been the case as to the state's regulation of the banking industry, our present inquiry into the intent of the legislature cannot stop there.

Section 3 of the Local Tax Enabling Act permits local authorities to tax "any and all subjects of taxation . . . which the Commonwealth has power to tax but which it does not tax . . ." 53 P.S. §6903. The initial question before us is whether the state does, in fact, tax the same subject matter as does the local authority, thereby preempting the field. Man, Levy, and Nogi v. School District of City of

Scranton, 31 Pa. Commw. 75, 375 A.2d 832 (1977), The facts in Man are identical to the ones before this court. In both cases, local authorities imposed a Business Privilege Tax which was a tax on the privilege of doing business within the city. This tax, while measured by the amount of gross receipts from business transacted in the city, was actually a tax upon the commissions earned by the insurance agents themselves. Although the premiums payed by the public to the insurance companies pass through the hands of these agents, they are not taken into consideration when computing the amount of tax owed by them.

The Gross Premiums Tax imposed by the state is also a privilege tax. Philadelphia Life Insurance Co. v. Commonwealth, 454 Pa. 157, 309 A.2d 811 (1973). It is the insurance companies privilege of doing business within the state that is the subject of this tax. This tax, unlike the Business Privilege Tax, is measured by the amount of premiums paid to the insurance companies by the public. It is important to note that defendant, as an insurance agent, is not subject to the Gross Premiums Tax and, therefore, cannot claim that it is being twice taxed. See, 72 P.S. §7901 et al. As the court in Man stated, "since the local and state taxes here questioned each tax a different privilege, it is clear that no duplication [of taxes] exists". Supra, at 79. It is obvious to this court that the state does not tax the same subject matter as does the local authority and, therefore, it is permissible under the Local Tax Enabling Act.

Since the state's tax provision does not indicate on its face whether it was intended to preempt local law, we must next examine the purpose and effect of both the state and local schemes to uncover any possible conflict or duplication that may exist. United Tavern Owners of Philadelphia v. Philadelphia

School District, 441 Pa. 274, 272 A.2d 868 (1971). In that case, the court stated that a local ordinance should not be struck down "unless the Commonwealth has explicitly claimed the authority, or unless there is such actual, material conflict between the state and local powers that only by striking down the local power can the power of the wider constituency be protected." Id. at 280.

In the Allegheny Valley Bank case, which defendant claims is controlling, the court found that the local ordinance placed a direct tax burden upon the state banks and that such a tax undercut the state's capacity to regulate the soundness and progress of its banking institutions. The local ordinance taxed the identical subject matter of the state tax, revenues and, therefore, the local tax was both duplication and in direct conflict with the state's financial and regulatory interests. We find, however, that in the case before us, there is no conflict between the state and local ordinances. As we stated previously, each of these measures taxes a different subject matter and, therefore, are not duplicative. Furthermore, defendant, as an insurance agency, is not subject to the Gross Premiums Tax, nor are the insurance companies subject to the Business Privilege Tax. We, therefore, find that the Business Privilege Tax does not affect these insurance companies in any way, nor does it interfere with the state's regulation or taxation of the insurance industry.

We also note the fact that a state regulation imposing a license too on defendant's business does not mean that the state has preempted the field of insurance. The Supreme Court has held that a license fee is not a revenue-producing measure, and its payment does not exempt a taxpayer from a local tax. Philadelphia Tax Review Board v. Smith, Kline

and French Laboratories, 437 Pa. 197, 262 A.2d 135 (1970).

Lastly, defendant argues that even if a local tax on the commissions earned by it is valid, the Business Privilege Tax as imposed by the city is actually a tax on the premiums collected by defendant and is, therefore invalid. This is nonsense.

The Gross Premiums Tax as set forth in 72 P.S. §7901, defines gross premiums as "premiums, premiums deposits, or assessments received by any insurance company, whether received in money . . . notes, credits or any other substitute for money . . ." On the other hand, the Business Privilege Tax is a tax on the "gross receipts derived from all services rendered to clients, patients and customers" by the individual, partnership or corporation subject to this tax. Section 343.03. The term "gross receipts" is defined in Section 343.01 of the ordinance as "[including] both case and credit transactions, and [including] payment received for gross charges made by the taxpayer for *services rendered,* including both service, labor, and any materials entering into or becoming component parts of the services performed". (Emphasis added.) The premiums collected by defendant and passed on to the insurance companies are not payments for services rendered by defendant. On the contrary, the premiums paid *represent charges made for services rendered by the* insurance companies themselves, these services being the insuring of persons and property. These premiums are subject to the Gross Premiums Tax and, therefore, *cannot be taxed by the local authorities.* The local authorities do have the power to tax the payments received by defendant for services they have rendered to the public, such as advising clients *on the type and amount of insurance they need,* fill-

ing out forms and acting as a liaison between the insurance companies and the public.

Defendant is incorrect in its assertion that its gross receipts consist largely of the insurance premiums which they pass on to the insurance companies. The fact that defendant measures the value of its services as a percentage of the amount of premiums paid to the insurance companies is irrelevant. The court in Man, in dismissing this same argument stated that:

"The measure of the local tax is the gross volume of a taxpayer's business within the city. The fact that [Defendant], as [an] independent insurance agent chooses to measure [its] own local business as a percentage of premiums paid to insurance companies is a matter of mere terminology. The essential fact remains that the local tax is measured by the volume of [Defendant's] business, and not by the volume of business conducted by an insurance company." Supra, at 80.

We, therefore, find that the state has not preempted the insurance industry to the exclusion of local taxing authorities and that defendant is not exempt from the Business Privilege Tax as it contends.

Accordingly, we shall enter the following

## ORDER

And now, this April 23, 1984, plaintiff Thomas Casaletto, Revenue Officer, City of York's motion for summary judgment is granted, and defendant, Yorco Agency, Inc.'s, motion for summary judgment is denied.

It is hereby ordered that judgment be entered in favor of plaintiff as follows:

1. Article 343, of the Codified Ordinances of the City of York is a valid enactment imposing a Business Privilege Tax of three mills on the gross receipts of any business, trade, occupation or profession in which there is offered any service or services to the general public or a limited number thereof.

2. Defendant is not exempt from the tax imposed by Article 343 of the Codified Ordinances of the City of York.

3. Defendant is to file the tax returns now due for business conducted in the years 1979, 1980, 1981 and 1982 and to pay the tax plus any interest and penalties.

4. Defendant is to file current and future returns pursuant to Article 343 of the Codified Ordinances of the City of York in a timely manner and pay the tax as calculated therein, consonant with the foregoing opinion.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.