Sanford R. Starobin and Westinghouse Broadcasting Company, Inc., Petitioners *v.* The Department of Revenue, Harvey Bartle, III, Attorney General of the Commonwealth of Pennsylvania and the Commonwealth of Pennsylvania, Respondents.

Hearing on August 4, 1980, before Judge ROGERS.

544

*Jack M. Stover,* with him *Howell C. Mette, Shearer, Mette & Woodside,* for petitioners.

*William S. Rawls,* with him *Margaret Hunting,* for respondents.

MEMORANDUM AND ORDER BY JUDGE ROGERS, August 21, 1980:

On April 24, 1980 the number drawn in Pennsylvania's Daily Number Game was 666. An extraordinarily large amount of money was paid out to persons holding the number, and there followed suggestions that the game had been fixed. The Pennsylvania Department of Justice and the September 24, 1979 Multi-County Investigating Grand Jury, the Honorable LEVY ANDERSON presiding, are currently investigating the matter.

On July 16, 1980, Sanford R. Starobin, a radio news reporter and his employer, Westinghouse Broadcasting, Inc. filed a Petition for Review, and on July 29, 1980 an amended Petition for Review, in which they allege that Mr. Starobin had asked the Pennsylvania Department of Revenue for access to records relating to the operation of the Daily Number Game, that some of the information requested had been provided by the office of the Attorney General but that some had not. The amended petition is in the nature of an action in our original jurisdiction asking for peremptory and preliminary relief as in mandamus and equity. Specifically we are asked to order the respondents, Department of Revenue, Attorney General and the Commonwealth to give the petitioners immediate access "to the

requested information". This would present a problem, if we believed that the law required us to order that access be given, because every pleading and memorandum presented by the petitioners begins with a listing of the items first requested by Mr. Starobin in a letter dated May 16, 1980, then proceeds to describe items supplied by the Attorney General on each of two occasions, but never definitively describes what records originally requested have not yet been provided and remain the subject of the lawsuit.

We conducted a hearing August 4, 1980 at which Mr. Starobin's testimony that he was engaged professionally in investigating the Daily Numbers Game of April 24, 1980 and other suspect drawings, that he had information that the April 24, 1980 game was arranged so as to exclude the possibility that any digit except 4 and 6 would be drawn and that the information he requested access to would aid him in his investigation. He testified that "most" of the information he had originally sought by his letter of May 16, 1980 had still not been made available to him by the Department of Revenue.

As we have already mentioned, the relief requested is our order requiring the respondents to give the petitioners access to the residue of the records not already provided. The petitioners have invoked R.A.P. §1532(b)[1] authorizing us to give summary relief, as the rule says, "if the right of the applicant thereto is clear."

The right of the petitioners is far from clear. In the first place, they are confronted with a formidable procedural problem resting in the fact that the Supreme Court has declared that resort to mandamus as a means of obtaining access to public records is im-

---

[1] The petitioners also refer to R.A.P. §1561 but the application of that rule to the prayer for relief is not clear to us.

proper based on Section 4 of the Right to Know Act, Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §66.4, providing for appeals to courts from the denial of a request for access to public records. The Supreme Court held that "Section 4 of the statute provides the exclusive remedy to a person denied the right of examination and investigation of public records." *Wiley v. Woods,* 393 Pa. 341, 350 n. 9, 141 A.2d 844, 849 n. 9 (1958). The subsequent adoption of R.A.P. §1532(b) does not diminish the clear precedent of *Wiley v. Woods, supra,* because the Committee which recommended that Rule notes it is a "generalization of Pa. R. Civ. P. 1098 (peremptory judgment)". R. Civ. P. 1098 was promulgated long before, and in effect when *Wiley v. Woods, supra* was decided.

More importantly, the petitioners' right to relief is clouded by the fact that the definition of public record provided by Section 1(2) of the Right to Know Act excludes "any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties." 65 P.S. §66.1(2). Both the Department of Justice and the Multi-County Grand Jury are investigating the circumstances of the drawing of April 24, 1980, and, we may infer, related aspects of the Daily Numbers Game including the security generally of the lotteries conducted by the Commonwealth. Clearly any papers which would be helpful to Mr. Starobin in conducting his own investigation of the same subject matter would, if published, disclose the progress, if not the results, of the investigations in progress in the two official investigations. The petitioners have not suggested that either of the official investigations are not progressing apace.

Hence, being satisfied that the petitioner's right to relief is not clear, it must be denied.

ORDER

AND Now, this 21st day of August, 1980, after hearing, it is ordered that the petitioners' motion for special relief be and the same hereby is denied.