436 A.2d 1222

Matthew BARTON, Appellant,

v.

Staff Inspector Ralph PENCO, Police Commissioner Morton Solomon and City of Philadelphia.

Superior Court of Pennsylvania.

Submitted Feb. 23, 1981.

Filed Nov. 13, 1981.

Robert A. Gelinas, Philadelphia, for appellant.

Tyler E. Wren, Assistant City Solicitor, Philadelphia, for appellees.

Before SPAETH, JOHNSON and WIEAND, JJ.

WIEAND, Judge:

Matthew Barton, a police officer, was accused of receiving stolen property by an unidentified complainant. After a thorough investigation had been conducted by Inspector Ralph Penco, the accusation was found to be groundless. Barton thereafter commenced an action in equity to compel Penco, Police Commissioner Morton Solomon, and the City of Philadelphia to disclose the name and address of the complainant and the contents of the investigative file. The trial court, after hearing, entered an order denying a mandatory injunction and dismissing the complaint with prejudice.

■ Barton, without filing exceptions, took an immediate appeal to this Court. Therefore, we must first determine

whether appellant's failure to file exceptions precludes him from presenting substantive arguments on appeal. See: Pa.R.C.P. 1518; *Logan v. Cherrie*, 444 Pa. 555, 282 A.2d 236 (1971).

The trial court's order from which the instant appeal was filed did not comply with the Rule 1517 requirements of an adjudication.[1] It contained "no findings of fact, no conclusions of law, nor any language which would indicate that the order [was] a decree nisi, or that the parties were required to file exceptions to perfect a right of appeal. There is nothing on the face of the order which would indicate that it is anything other than a final order and, as such, the requirements of Rule 1518 are not applicable. When the court's order neither comports with the requirements of Rule 1517 nor indicates on its face that the order is a decree nisi, it should not be presumed that exceptions must be filed in order to preserve a right of appeal." *Commonwealth v. Derry Township, et al.*, 466 Pa. 31, 41–42, 351 A.2d 606, 611 (1976). See also: *Greenwood Township v. Kefo, Inc.*, 52 Pa.Cmwlth. 367, 416 A.2d 583 (1980). The instant appeal, therefore, is not improper for this reason.

Appellant's complaint was based exclusively on the Right-to-Know Act of June 21, 1957, P.L. 390, as amended, 65 P.S. §§ 66.1–66.4.[2] He contends, as he did in the court below, that the file encompassing the investigation is a "public record" and, therefore, subject to examination and

1. Pa.R.C.P. 1517(a) provides: The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi.

2. The statute provides for the right of appeal from a denial of a request to examine and inspect public records. This statutory remedy is exclusive. *Wiley v. Woods*, 393 Pa. 341, 350, n. 9, 141 A.2d 844, 849, n. 9 (1958). An action in equity for a mandatory injunction, therefore, was improper. See: *Peitzman v. Seidman*, 285 Pa.Super. 228, 427 A.2d 196, 198 (1981). However, this issue was raised for the first time on appeal and was not considered by the trial court. Accordingly, we have considered the appeal on its merits. See: Appellate Rule 302(a).

inspection. It is a public record, he argues, because it is a
". . . minute, order, or decision by an agency fixing the
personal or property rights, privileges, immunities, duties or
obligations of any person or group of persons . . . ." See:
65 P.S. § 66.1(2).

■ Appellant has not been prosecuted or disciplined in
any way. His employment has not been terminated, and he
has not been denied access to his personnel file. As justifi-
cation for examining the departmental investigation he sug-
gests the possibility that a civil action for defamation may
be instituted against the police informant whose accusations
caused the investigation to be made.

In *West Shore School District v. Homick, et al.*, 23 Pa.
Cmwlth. 615, 619, 353 A.2d 93, 95 (1976), the Commonwealth
Court observed: "A decision 'fixing' rights or duties of a
person is not the same thing as a gathering of information,
notations, and evaluations that may or may not be utilized
at some future time to reach a decision that would fix rights
or duties." The same court subsequently placed a broad
construction upon the term "fixing" in *Lamolinar v. Barger,
et al.*, 30 Pa.Cmwlth. 307, 373 A.2d 788 (1977). It there said
". . . we do not read the term 'fixing' to require the affirma-
tive establishment or creation of rights, privileges, immuni-
ties, duties or obligations. . . . [W]e believe it in keeping
with the spirit and intent of the Right-to-Know Law to
construe 'public record' to include decisions which establish,
alter, abolish or deny rights, privileges, immunities, duties or
obligations; in short, decisions which affect them." Id., 30
Pa.Cmwlth. at 311, 373 A.2d at 790.

In the instant case, appellant's rights, privileges, immuni-
ties, duties and obligations have not been altered, abolished,
or denied in any way. Cf. *Mitman v. County Commissioners
of Chester County*, 55 Pa.Cmwlth. 358, 423 A.2d 1333 (1980).
On the contrary, the departmental investigation failed to
sustain the averments of misconduct made about him by the
complainant. If we assume that the investigation resulted
in an affirmative "decision" not to prosecute or discipline
appellant, the informant, his accusations, and the file of the

investigation were nonetheless immune from examination under the Right-to-Know Law.

The statute specifically excludes from those records which are to be open for examination and inspection "any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties...." 65 P.S. § 66.1(2). The complainant, whose identity appellant sought to discover, gave information which caused Inspector Penco to institute and conclude a departmental investigation. This was done as a part of his official duties as a law enforcement officer and member of the Internal Affairs Unit of the Philadelphia Police Department. His findings, as we have already observed, resulted in the conclusion that the accusations against appellant were unfounded and that no action was warranted against appellant. Under such circumstances, the statute does not compel disclosure.

Moreover, we fail to perceive any great benefit to the public in requiring disclosure of a police investigation which demonstrates a lack of substance to an informant's complaint. Complaints are received frequently by police departments throughout this state. They are a valuable aid to law enforcement. Receiving reports from private citizens, therefore, is a legitimate law enforcement function. A privilege to withhold such information has been declared by the courts in order to further and protect the public interest in effective law enforcement. See: *Commonwealth v. Garvin*, 448 Pa. 258, 266, 293 A.2d 33, 38 (1972). It was this legitimate objective which, in part, prompted the legislature to exclude from the effect of the Right-to-Know Law any report or communication which would disclose the institution or result of an official investigation. See and compare: *Wiley v. Woods*, 393 Pa. 341, 141 A.2d 844 (1958); *Starobin v. Department of Revenue*, 53 Pa.Cmwlth. 543, 418 A.2d 800 (1980), allocatur denied, 494 Pa. 103, 429 A.2d 1112 (1981); *Mellin et al. v. City of Allentown, et al.*, 60 Pa.Cmwlth. 114, 430 A.2d 1048 (1981).

For these reasons we conclude that the identity of the complainant sought to be discovered and the investigation sought to be examined are not "public records" under the Right-to-Know Law. Therefore, the trial court correctly denied relief and dismissed the complaint.

Order affirmed.