Maynard C. Graham and Marian Graham, Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued November 15, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Allan E. MacLeod,* for petitioners.

*Dennis W. Strain,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 9, 1984:

In an amended petition for review in the nature of a complaint in equity addressed to our original jurisdiction as provided by Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1), Maynard and Marian Graham have requested that we order the respondent, the Department of Environmental Resources (DER), to provide information and conduct

studies of the petitioners' property which they allege are necessary for them to apply to DER for a permit to mine coal and to provide them with information concerning a variety of other subjects. DER filed preliminary objections in the nature of a petition raising a question of jurisdiction, a demurrer, and a motion to strike impertinent matter.

The amended petition for review, stated in ninety-three paragraphs on thirty pages, to which are appended seventy-one pages of exhibits, essentially pleads that after the petitioners in July or August of 1979 had strip mined all of the coal from a bonded mining area under a DER mining permit, they continued to mine about ten acres off the bonded area with the consent of the property owner but without the necessary mining permit. The petitioners additionally allege that in October, 1979, DER "shut down" the mining on the unbonded area but in January, 1980, an arrangement was worked out between DER and the petitioners under which the petitioners were given a permit to mine the ten acres on condition that they pay the first $10,000 of receipts to DER as security for compliance with the statutes and regulations. The petitioners further allege that they continued to mine not only the ten acres covered by the agreement but also an additional off permit area. DER served the petitioners with a notice to cease mining operations which the latter ignored until they were enjoined from continuing operations by the Clearfield County Common Pleas Court on suit by DER. A court hearing on the matter was held and a court order dated March 21, 1980 was entered directing DER to accept a $60,000 second mortgage on the petitioners' property as a bond to cover a thirty acre amendment to the petitioners' permit, if it should be submitted to DER within ten days, and dissolving the

injunction unless the petitioners failed to submit the mortgage. The petitioners allege that they submitted a mortgage to DER prior to March 31, 1980, but no mining permit was issued. On April 22, 1980, the court continued its March 21, 1980 order in effect for ninety days from March 21, 1980.

The petitioners also allege that they continued to mine the unbonded area without a permit and on June 10, 1980 the Office of Surface Mining (OSM) of the United States Department of the Interior served the petitioners with a notice of violation of federal regulations prohibiting mining without a permit. On July 8, 1980, an Information Cessation Order Review was held and the reviewing officer concluded that OSM had acted properly in giving the petitioners the notice of violation and that the petitioners must cease mining without a permit or pay a fine of $750 for each day they violate the notice. The petitioners continued to mine and OSM imposed a fine in the amount of $22,500.

The petitioners also allege that on September 19, 1980, Maynard Graham was convicted in Clearfield County of making threats against Robert P. Ging, Jr., who was the DER attorney who had handled DER's litigation against the petitioners. The petitioners allege that Mr. Ging's actions on behalf of DER were "abusive, unprofessional, based upon misstatements of fact and law, and [were] contrary to any sense of balanced and guided discretion uniformly applied."

Following another hearing in the equity case, the Court of Common Pleas of Clearfield County on January 15, 1981 vacated its order of March 21, 1980 requiring DER to accept a $60,000 mortgage as a bond and ordered that the petitioners "cease mining on any and all areas where no bonds have been posted with and approved by the Commonwealth of Pennsyl-

vania." On February 20, 1981, the court found that the petitioners "do not dispute that they knowingly and willfully violated the Order of this Court entered January 15, 1981." In June of 1981 the petitioners' mining operations ceased when Maynard Graham was imprisoned for contempt of court and forfeited $5,750 in bonds posted on his mining operations.

The petitioners further allege that they then instituted an action in equity in the Court of Common Pleas of Clearfield County against DER and individuals employed by DER challenging certain appropriations of money by the state and federal governments and the validity of the enforcement activities of DER against the petitioners. The relief requested included money damages, a restoration of mining permits, and a reinstatement of previously forfeited bonds. The petitioners' complaint was dismissed on October 13, 1982 on the basis of sovereign and official immunity; because the court's earlier determination that the petitioners had failed to comply with the requirements for obtaining a mining permit collaterally estopped the petitioners from asking for an order compelling DER to issue a new permit; because the Environmental Hearing Board had exclusive original jurisdiction to hear the petitioners' claim concerning the forfeiture of their bonds; and for other reasons not necessary to describe.

On January 17, 1983, the petitioners filed a notice of appeal with the Environmental Hearing Board seeking review of DER's 1981 actions ordering the closing of the petitioners' mining activities, the forfeiture of their bonds and the return of their mining permits. The appeal was dismissed because the petitioners had failed to file their appeal within thirty days from the receipt of notice of these actions by DER.

The orders of the common pleas court and of the Environmental Hearing Board are final; they were not appealed.

The petitioners allege that they presently seek to mine the Lower Kittanning seam of coal on their property in order "to be able to economically reclaim the mess which was made by thirty years of previous mining . . . [and] to turn this barren wasteland into valuable pasture land." To accomplish this goal, the petitioners have written to DER asking "if DER officials would inspect the site" and requesting information on how they can obtain bonding. In response, DER wrote to the petitioners that

> As a regulatory agency, the Department takes no position with regard to whether or not Mr. Graham's farm should be mined to remove the Lower Kittanning seam of coal. . . . When an individual or company licensed to mine coal within the Commonwealth of Pennsylvania submits to DER an application for mining and mine drainage permits for this land, DER will review them and act in accordance with the appropriate legislation and regulations in deciding both whether or not to issue permits for such mining activity and what conditions are appropriate to put into such permits in the event the decision is to issue permits.

The relief sought by the petitioners principally requests us to compel DER to assist them in the preparation of their application for a permit to mine the Lower Kittanning seam of coal. They also want us in various ways to chastise DER for taking the actions against them in the litigation described in the amended petition for review, which actions they characterize as unwarranted and excessive. Specifically, the petitioners request us to promulgate orders directing DER to:

1. Supply hydrological and geological information about the petitioners' lands;

2. Collect and provide hydrological information about other areas close to the petitioners' land;

3. Disclose any data under which it "intends to evaluate the capacity of different land areas";

4. Conduct an inspection of the petitioners' land and recommend methods of abating potential acid mine drainage and erosion of sediment;

5. Publish in the Pennsylvania Bulletin any Abandoned Mine Lands program under which the petitioners may be eligible;

6. Account for enforcement actions of Robert Ging;

7. "Show Cause why Maynard Graham, Graham Brothers Coal Company, should not be exonerated for all past violations of the Surface Mining Conservation and Reclamation Act";

8. Account for the $5,750 worth of bonds that the petitioners forfeited;

9. "[D]isclose any known instance of abusive or unprofessional conduct in Robert Ging's representation of the Commonwealth as Attorney";

10. Disclose all files concerning the petitioners;

11. Make recommendations about the form and amount of bonds required to allow the resumption of mining on the petitioners' land; and

12. To pay appropriate compensation, including counsel fees and expenses, to the petitioners.

We may not provide the relief requested by the petitioners in paragraphs 1, 2, 3, 9, 10, and 11 because it is not available in our original jurisdiction.

The petitioners concede that the bases for their requests are the Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§66.1-66.4, popularly known as the

Right-to-Know Law, and the Rules of Civil Procedure allowing discovery, Pa. R.C.P. No. 4001-4020. Section 2 of the Right-to-Know Law, 65 P.S. §66.2, provides that "[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania." In *Lewis v. Thornburgh,* 68 Pa. Commonwealth Ct. 157, 160, 448 A.2d 680, 682 (1982), we declared that "the Act clearly gives no one the right to demand that information be assembled and transmitted, as distinguished from the right to inspect." We held in *Lewis* that we do not have original jurisdiction to order an agency to permit a person to examine information in its files; that our jurisdiction extends only to the adjudication of an appeal from an agency's refusal under the Right-to-Know Law to permit the examination of its public records.

Likewise, the Rules of Civil Procedure allowing discovery are not enforceable by courts until a demand for discovery has been made and refused.

Therefore, we have no jurisdiction over the matters raised and will sustain the respondent's petition raising a question of jurisdiction and dismiss the amended petition for review so far as it relates to paragraphs 1, 2, 3, 9, 10 and 11.

The relief sought by the petitioners in paragraphs 6, 7, and 8 is that we in effect overturn unappealed final orders of the Court of Common Pleas of Clearfield County and the Environmental Hearing Board. No facts are pleaded in the complaint which would justify such actions. The preliminary objection in the nature of a demurrer is sustained as to these matters.

In paragraph 12, the petitioners request counsel fees. We assume, since this is the only matter pending between these parties, that counsel fees are sought

for services rendered in this suit. Section 2503(6) and (7) of the Judicial Code, 42 Pa. C. S. §2503(6) and (7) provide for the award of counsel fees to participants who are the victims of dilatory, obdurate or vexatious conduct during the pendency of a matter. DER's conduct in this proceeding, so far as the amended petition for review and the record shows, has consisted only of filing these meritorious preliminary objections. We sustain the demurrer as to this matter.

In paragraphs 4 and 5, the petitioners request that we order DER to conduct an inspection of their lands, to recommend how they may protect their lands from deleterious effects of mining, and to give them advice concerning their eligibility for Abandoned Mine Lands programs by publishing such information in the Pennsylvania Bulletin. The petitioners have not pointed us to any authority for the proposition that DER is obliged to provide these kinds of services to persons, as the petitioners, who have not applied for a permit to mine their lands. We sustain the demurrer as to these matters.

Hence the respondent's preliminary objections in the nature of a petition raising a question of jurisdiction to the amended petition of review as it relates to the relief sought in paragraphs 1, 2, 3, 9, 10 and 11 are sustained. The preliminary objections in the nature of a demurrer as to the amended petition of review as it relates to the relief sought in paragraphs 4, 5, 6, 7, 8 and 12 are sustained. The amended petition for review is dismissed.

ORDER

AND Now, this 9th day of January, 1984, the preliminary objections of the Department of Environmental Resources are sustained and the petitioners' amended petition for review is dismissed.