# Township of Shenango v. West Middlesex Area School District

*William J. Madden,* for plaintiff.
*Herman M. Rodgers,* for defendant.

Acker, *J.,* November 21, 1984—By a demurrer to a complaint in an action for a declaratory judgment a single issue has been raised. That is, whether a school district can be required to use its equipment to reproduce its own records when paid for by the party requesting the records.

A demurrer by defendant admits all relevant facts sufficiently pled in the complaint and inferences fairly deducible therefrom. Gekas v. Shapp, 369 Pa. 1, 364 A.2d 691 (1976); Bicentennial Commission v. Olde Bradford Co., 26 Pa. Commw. 636, 365 A.2d 172 (1976).

A demurrer is unjustified unless it is free from doubt, then plaintiff cannot recover as a matter of law. Pike County Hotels Corp. v. Kiefer, 262 Pa. Super. 126, 396 A.2d 677 (1978). The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether upon the facts averred it shows with certainty that the law will not permit a recovery by plaintiff. Further, where a doubt exists as to whether or not summary judgment should be entered, it should be resolved in favor of refusing to enter it. Sun Ray Drug Company v. Lawler, 366 Pa. 571, 79

A.2d 262 (1951); Tide Water Associated Oil Co. v. Kay, 168 Pa. Super. 263, 77 A.2d 754 (1951).

It appears from the complaint to which several letters are attached as exhibits that on May 25, 1984, Kenneth L. Fedders, a Supervisor of the Township of Shenango and a citizen of that township, requested the West Middlesex Area School Board to inspect and copy certain documents, accounts and statements of defendant at defendant's place of business. There is no dispute that the records requested are public records.[1]

Approximately 600 copies of documents were requested. On June 1, 1984, counsel for the school district wrote to plaintiff acknowledging the right of any citizen to inspect and make copies of public records while in the lawful custody of the school district and invited plaintiffs to make copies at reasonable times, but denied to plaintiff the right to require the school district to make the copies for plaintiff. "Guidelines for the Inspection and Reproduction of Public Records of the West Middlesex Area School District" were then promulgated on June 4, 1984. They provide, inter alia, that no original documents shall be permitted to leave the premises of the Board of Education, that citizens are permitted to view the records in private and at their leisure during the regular working day, that other than presenting the records for inspection no special requirements are to be imposed on the administrative or clerical staff of the school district for the preparation or interpretation of the records, that school district policies limit the use of duplicating equipment to authorized school personnel and that all copying or reproduction of records must be at the

---

1. Public records are defined in the Act of June 17, 1971, P.L. 160, §1, 65 P.S. §66.1.

expense of the citizen utilizing his own personal equipment.[2]

By letter of June 15, 1984, Woodrow H. Cole, Jr., President of the West Middlesex Board of School Directors informed Kenneth L. Fedders, Chairman of the Shenango Township Supervisors that Chairman Fedders would be permitted to examine the records at his leisure and to take pictures of the records or to make copies utilizing whatever personal duplicating equipment he may have at his disposal. The letter reminded Mr. Fedders of the school district's policy to limit the use of school duplicating equipment to authorized personnel.

Plaintiff does not contest defendant's procedures as to the examination of public records in any respect other than the refusal to reproduce copies by the school district. The rights of plaintiff arise from two statutes. First, the Act of June 21, 1957, P.L. 390, § 1 et seq., 65 P.S. §66.1-.4 provides as to copies in section 66.3, 65 P.S. §66.3,

"Any citizen of the Commonwealth of Pennsylvania shall have the right to take extracts or make copies of public records and to make photographs or photostats of the same while such records are in the possession, custody and control of the lawful custodian thereof or his authorized deputy. The lawful custodian of such records shall have the right to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats."

The second statute is found in the Public School Code of 1949 and deals specifically with opening

---

2. The instructions also state that they regard the request of Fedders to be that of an individual taxpayer and citizen, rather than a representative of a governmental agency. We do not take this to be of any legal consequence.

records to the public. By the Act of March 10, 1949, P.L. 30, Art. IV, §408, 24 P.S.§4-408,

"The accounts and records of proceedings of the board of every school district of the third and fourth class and of their officers shall be opened to the inspection of any taxpayer thereof, his, her, or its agents or representative, upon request therefor, in writing, to the board of school directors at a regular meeting."

Friedman v. Fumo, 9 Pa. Commw. 609, 309 A.2d 75 (1973) interprets the Right to Know Act, supra, 65 P.S. §66.2. It states, page 612:

"We point out that the appellant may examine and inspect and, of course, make notes from the records. The Department is not required to prepare and furnish lists or other excerpts of its records . . ."

A further case interpreting the Right to Know Law, 65 P.S. §66.3 is Hoffman v. Commonwealth, Pennsylvania Game Commission, 71 Pa. Commw. 99, 455 A.2d 731 (1983). It holds that a governmental agency is left to determine the method by which materials will be made available. It states that the agency from which the information is sought best knows how it can be afforded, whether to be reproduced by means brought to it by the party seeking the information or by means at hand in the agency at the cost of the party seeking the material.

Although the brief of plaintiff deals with the right of a party to copy through the more sophisticated copying machines to which there is no objection in this case, the oral argument of plaintiff advances the position that in this day when copying is an acceptable and widespread, we should require the school district to do the reproduction of the 600 copies requested for which it would be paid by plaintiff. The school board has taken an opposite view. We cannot say that the school district violated

either of the statutes applicable in this case, nor a decisional law. School districts should not be required to have their personnel work for others making photocopies. The discretion of whether to furnish photocopies or not should be left to the school district dependent upon their flow of business and requirements of their personnel. In Lewis v. Thornburgh, 68 Pa. Commw. 157, 448 A.2d 680 (1982) at page 682, it was held the Right to Know Law, 65 P.S. §66.3, page 682:

"affords the citizen only the right to extract or copy the records while they are in the possession of a public custodian. Accordingly, the Act clearly gives no one the right to demand that information be assembled and transmitted as distinguished from the right to inspect."[3]

Wherefore, we conclude that the demurrer as to the demand that the school district make copies of its records for plaintiff must be granted.

## ORDER

And now, this November 21, 1984, it is hereby ordered and decreed that the demurrer to the complaint for a declaratory judgment as to a request that the court direct defendant, upon payment of a reasonable cost for reproduction, to make copies of all public records of defendant school district is granted.

---

3. If the records are not in the physical possession of a governmental agency, but the control remains with the agency, a court can require that copies be made for the person desiring to inspect. So in Carbondale Township v. Murray, 64 Pa. Commw. 465, 440 A.2d 1273 (1982), the township was ordered to produce cancelled checks and if not in its possession to require its bank to produce them. It was held that the lower court properly ordered the bank to make copies.