## Philadelphia Newspapers Inc. v.
## Haverford Township

C.P. of Delaware County, no. 96-1897.

*Amy B. Ginensky,* for petitioner.
*Paul J. Winterhalter,* for defendants.

BATTLE, *J.,* June 7, 1996—

## FACTS

On March 17, 1995 an individual was arrested by the Haverford Township police on suspicion of driving under the influence. The individual was transported to the Haverford Township police station for further investigation. At this point a phone call was made to the police department by John McDonald, vice-president of the Haverford Township Board of Commissioners. Two telephone calls were then placed from the Haverford police station to John McDonald. Pursuant to standard operating procedure of the Haverford Township Police Department, these telephone calls were recorded. The Haverford Township Police Department preserves these recordings for 30 days and then reuses the tapes.

The parties stipulated to the fact that subsequent to the recordings being made, there was an internal investigation by the Haverford Police Department and that the recordings in question were reviewed in the investigation and remain a part of the internal affairs file. The internal affairs investigation concluded with the determination that there was no impropriety on the part of the officer.

Philadelphia Newspapers Inc. requested these tapes from the Haverford Township Police Department. The police department denied this request. Philadelphia Newspapers Inc. filed an appeal under the Right To Know Act for the release of these tapes. After a hearing

on March 12, 1996 Philadelphia Newspapers Inc.'s appeal for the release of these tapes was denied.

## DISCUSSION

The Commonwealth of Pennsylvania has mandated by statute that the public records of an agency shall be subject to public examination and inspection. See 65 Pa.C.S. §66.1(2). The petitioner points to the statute as evidence that the tape recordings constitute a public record. The respondent argues that the tape recordings fall into an exception that is set forth in the same statute. 65 Pa.C.S. §66.1 (subparagraph 2) reads as follows:

"Public record. Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by any agency fixing the personal or property rights, privileges, immunities, duties, or obligations of any person or group of persons: provided, that the term 'public records' shall not mean any report, communication, or other paper, the publication of which would disclose the institution, progress, or result of an investigation taken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memoranda, or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute, law or order, or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions

or commissions or state or municipal authorities of federal funds, excepting therefrom out of the record of any conviction or any criminal act." 65 Pa.C.S. §66.1(2).

The tape recordings in question are "public records" as that term is defined in the initial portion of 65 Pa.C.S. §66.1(2). A determination must now be made as to whether the recordings fall within one of the enumerated exceptions to the general definition of public records that is set forth in the latter part of the statute. In the event the recordings fall within one of these exceptions they are protected from public disclosure. See *Pastore v. Pennsylvania Insurance Department,* 125 Pa. Commw. 611, 558 A.2d 909 (1989).

The Superior Court in the case of *Barton vs. Penco,* 292 Pa. Super. 202, 436 A.2d 1222 (1981) provides guidance in this area. In *Barton,* a police officer was accused of receiving stolen property by an unidentified complainant. As a result of the complaint an internal affairs investigation was commenced by Inspector Ralph Penco. The accusation was found to be groundless and the investigation was concluded. The accused police officer commenced an action under the Right To Know Act requesting that the City of Philadelphia disclose the name and address of the complainant and the contents of the investigative file. *Id.* at 203, 436 A.2d at 1223. The Superior Court held that the information sought was immune from examination under the Right To Know Act and stated that:

"The statute specifically excludes from those records which are to be opened for examination and inspection 'any report, communication or other paper, the publication of which would disclose the institution progress

or result of an investigation undertaken by an agency in the performance of its official duties' . . . The complainant, whose identity appellant sought to discover, gave information which caused Inspector Penco to institute and conclude a departmental investigation." *Id.* at 206, 436 A.2d at 1224. (citation omitted)

The factual scenario in *Barton* is similar to the case at bar in that the tape recordings which the petitioner seeks to discover caused the Haverford Township Police Department to institute and conclude a departmental investigation. The tapes remain part of the internal affairs investigative file and therefore are within the exception of 65 Pa.C.S. §66.1 (subparagraph 2).

The petitioner argues that the recordings should be released since they were made prior to the initiation of the investigation. This logic is flawed in that the recordings caused the Haverford Township Police Department to institute and conclude a departmental investigation. The petitioner also argued that since the investigation was concluded and that no wrongdoing was found on the responding officer's behalf that the recordings should be released. The case of *PG Publishing Co. v. County of Washington,* 162 Pa. Commw. 196, 638 A.2d 422 refutes the petitioner's argument and states:

"First, no requirement exists in section 1(2) of the act that the investigation be 'active.' In *Sullivan v. Pittsburgh, Department of Public Safety,* 127 Pa. Commw. 339, 342-43, 561 A.2d 863, 865 (1989), *appeal denied,* 525 Pa. 591, 575 A.2d 120 (1990), we held that: The language of the statute does not specify that investigations must be ongoing in order for their files to

be excluded from the definition of 'public records.' In fact, however, the exception may apply to completed investigations." *Id.* at 207, 638 A.2d at 427.

Therefore, based on the above case law the appeal of the petitioner for the release of the recordings under the Right To Know Act was properly denied.